## State of Minnesota *vs.* Adolph Graffmuller.

### March 20, 1879.

**Justice of Peace—Erroneously Entitling Criminal Case.**—In a criminal prosecution for violating a provision in the charter of the city of Northfield against selling spirituous liquors in said city, the justice, in entering the action in his docket, erroneously entitled it in favor of the city, instead of the state, as plaintiff. *Held*, the error was an irregularity that did not affect the jurisdiction of the justice, nor prejudice the defendant, as the proceedings themselves, as entered, fully disclosed the real parties and the nature of the action.

**Same—Jurisdiction—Complaint by Person Ignorant of the Facts.**—Jurisdiction to issue a warrant, acquired by a duly verified complaint in writing, charging an offence in direct and positive terms, is not lost by proof upon the trial that the complainant had no knowledge of the commission of the offence, except upon information and belief.

**Same—Review of Evidence.**—No point made upon the evidence can be considered, when the whole of the evidence bearing upon the point does not appear to be returned.

*Certiorari* to the city justice of the city of Northfield.

*Baxter & Quinn*, for relator.

*W. S. Pattee* and *James B. Beals*, for respondent.

CORNELL, J.* The record returned to this court, in answer to the writ, shows that the proceedings in the court below were had in a criminal action against the defendant, instituted upon a verified complaint in writing of one Elias Hobbs, for a violation of a provision of the city charter of the city of Northfield which makes it a misdemeanor for any one, within the limits of said city, "to sell, give away, or in any manner dispose of any spirituous, vinous or fermented liquors as a beverage," punishable by a fine not less than twenty-five dollars, nor more than one hundred dollars, with costs of prosecution, etc. A criminal warrant in the usual form was issued upon the complaint, upon which the defendant was arrested, tried and found guilty, and adjudged to pay a fine of $25 and costs of prosecution, and to stand committed until paid, not exceeding ninety days.

In making an entry of the action in his docket, the justice entitled it as one between the city of Northfield as plaintiff, and the said Graffmuller as defendant, and this is assigned as error. This was undoubtedly erroneous, for the action was clearly a criminal one, in which the state was the party plaintiff, in whose behalf it was prosecuted, and it should have been so entered in his docket, according to the direction of Gen. St. c. 65, § 133. The error, however, did not oust the justice of jurisdiction, nor did it in any manner prejudice the defendant. The proceedings themselves, as entered and referred to in the docket, fully disclosed the character of the action, and the parties to it. The complaint and warrant were for a misdemeanor, and the judgment corresponded therewith. It was not in favor of the city as plaintiff, but it simply adjudged the defendant guilty of the crime charged against him, and imposed a fine upon him, in accordance with the terms of the statute that created it. The record of the proceedings is sufficiently full and specific to protect him against another

* Gilfillan, C. J., on account of illness, did not sit in this case.

prosecution for the same offence. The error, in our judgment, was an immaterial one, a mere irregularity, not affecting any substantial right of the party, and should be disregarded.

The complaint was reduced to writing, and duly subscribed and sworn to by the complainant before the magistrate. It states the commission of the offence charged in direct and positive terms, and not upon information and belief. It conferred jurisdiction; and proof upon the trial that the complainant had in fact no personal knowledge of the facts which he had so sworn to in his complaint, in no way affected such previously acquired jurisdiction. *Com.* v. *Farrell*, 8 Gray, 463.

The record before us does not purport to contain all the evidence. On the contrary, the magistrate's certificate expressly states, "that some of the evidence given is omitted in the record." It cannot, therefore, be assumed that there was no proof showing the spirituous or fermented quality of the beer which was sold, or establishing an acceptance of the act of the legislature amending the charter of the city, in the manner therein provided. The points made by relator upon the ground of want of sufficient evidence upon these subjects, are not before us. The evidence returned does not show that the beer which was sold by the defendant was manufactured prior to the prohibitory enactment in question, and its adoption by the city. The case, therefore, does not involve any question of power in the legislature to prohibit the sale and disposal of property already in existence, and which is recognized as a subject for legitimate traffic.

Judgment affirmed.