[No. 20,014.  Department Two. — September 17, 1884.]

## EX PARTE ADOLPH HEILBRON et al. ON HABEAS CORPUS.

Sacramento — Construction of Charter. — An ordinance of the city of Sacramento, prohibiting the slaughtering of animals, or the maintenance of slaughterhouses within the city, is valid.

PETITION for habeas corpus.

The facts appear in the opinion of the court.

*Hart & White,* for Petitioners.

*Grove L. Johnson,* and *W. A. Anderson,* for Respondent.

The COURT. — The petitioners were arrested upon a charge of violating an ordinance of the city of Sacramento, passed June 27, 1872, which declares it to be unlawful "for any person to slaughter any animal within the city, or to erect, maintain, or use, or cause to be erected, maintained, or used, within the city, any house, shed, or other building, as a slaughter-house, or to dress or clean any slaughtered animal within the city."

The act of the legislature of the State incorporating the city, approved April 25, 1863, gave power to the board of trustees to make ordinances to control and regulate slaughter-houses, or provide for their exclusion from the city limits, or any part thereof. (Art. i. § 2.)

It is not necessary to enter upon a lengthy consideration of the points presented on behalf of the petitioners, as against the validity and constitutionality of the ordinance; it is sufficient to say that the points presented have been considered and adjudicated adverse to the petitioners by this court in *Ex parte Shrader,* 33 Cal. 279; and the power of a municipal corporation under a charter similar to the one above referred to, to make and enforce ordinances regulating certain avocations, recognized in *Johnson* v. *Simonton,* 43 Cal. 242; *Ex parte Smith and Keating,* 38 Cal. 702; and *Ex parte Casinello,* 62 Cal. 538.

"Unwholesome trades, slaughter-houses, operations offensive to the senses, the deposit of powder, the application of steam power to propel cars, the building with combustible materials, and the burial of the dead, may all be interdicted by law, in the midst of dense masses of population, on the general and rational principle that every person ought to so use his property as not to injure his neighbors, and that private interests must be made subservient to the general interests of the community." (2 Kent Com. p. 340.) "If a landlord could let his building

for a small-pox hospital, or a slaughter-house, he might obtain an increased rent. But he is restrained; not because the public have occasion to make the like use, or to make any use of the property, or to take any benefit or profit to themselves from it; but because it would be a noxious use, contrary to the maxim, *sic utere tuo, ut alienum non lœdas.*" (*Com.* v. *Alger,* 7 Cush. 86.) In the opinion of Justice Miller, speaking for the court in the slaughter-house cases, after defining the "police power," the following language is used, viz.: "The regulation of the place and manner of conducting the slaughtering of animals, and the business of butchering within a city, and the inspection of the animals to be killed for meat, and of the meat afterwards, are among the most necessary and frequent exercises of this power." (16 Wall. 63. See also 1 Dill. Mun. Corp. § 93.)

The conclusion reached by us is not in conflict with the cases cited on behalf of petitioners.

The petitioners are remanded.