Filed October 9, 1895.

No. 17,579.

RUND v. THE TOWN OF FOWLER.

MUNICIPAL CORPORATION.—*Town Ordinance.—Reasonableness of.*— *Courts.*—The courts will not inquire into the wisdom or reasonableness of an ordinance which a town has power to pass and enforce, unless it violates some constitutional provision.

SAME.—*Town:—Estoppel.—Slaughter House.*—A town is not estopped to claim that a slaughter house within the corporate limits violates an ordinance, merely because its location was directed and consented to by the town trustees, unless such direction or consent was taken by corporate action in some method recognized by law.

SAME.—*Town Ordinance.—Slaughter House.—Nuisance.*—A town ordinance, declaring that slaughter houses within the corporate limits shall be deemed public nuisances, and making it unlawful to maintain any within such limits, is authorized by section 4357, R. S. 1894, giving the board of trustees power to declare what shall constitute a nuisance and to direct the location of slaughter houses.

SAME. — *Slaughter House. — Nuisance. — Ordinance.* — A slaughter house, erected or conducted in violation of an ordinance prohibiting its maintenance within the corporate limits of the town, becomes a nuisance, although it would not be such in the absence of such ordinance.

From the Benton Circuit Court.

*D. Fraser* and *W. Isham*, for appellant.

*J. T. Brown* and *E. G. Hall*, for appellee.

HACKNEY, J.—This is an appeal from the judgment of the lower court, assessing a penalty against the appellant for the violation of an ordinance of said town. The appellant insists that the ordinance is invalid, first, because the appellee had no power to pass it, and, second, because its provisions are arbitrary and unreasonable. The first section declares that slaughter houses within the corporate limits of the town shall be deemed public nuisances. The second section, with the violation of which the appellant was charged, provides that: "It shall be unlawful for any person or persons or corporation to maintain or operate any slaughter house within the corporate limits of said town." Section 3 prescribes the penalties for violating said second section.

The statute defining the powers of town corporations, section 4357, R. S. 1894 (3333, R. S. 1881), provides that the board of trustees shall have power: "Fourth,

to declare what shall constitute a nuisance, and to prevent, abate, and remove the same ; and to take such other measures for the preservation of the public health as they shall deem necessary. * * * Eighth, * * * to direct the location of slaughter houses." Upon the question of the express power of the appellee to adopt and enforce the ordinance before us, the appellant's counsel confine their argument to the last quoted provision of the statute, insisting that the power to direct the location does not include the power to exclude from the corporate limits or to declare the maintenance of slaughter houses to constitute a nuisance. If this provision stood alone, we should not incline to the view that the ordinance in question exceeded the power given. Its effect is certainly to provide that slaughter houses shall not be located within the corporate limits, and that a violation of this direction shall bring the penalty prescribed.

The ordinance finds support as the exercise of a police power, and has for its object the preservation of the public health. This power is given by the provision of the statute first quoted : "To declare what shall constitute a nuisance * * * and to prevent * * the same." The ordinance in question declares that a slaughter house, within the corporate limits of the town, shall be deemed a public nuisance, and the penalty prescribed is intended to prevent the establishment or maintenance of such nuisance. The general grant of power following that first quoted is of great scope, and manifests the intention of the Legislature to intrust to the municipality large discretion in the enactment of "measures for the preservation of the public health." It is possibly true, as counsel insist, that a slaughter house is not *per se* a nuisance, and that it is possible for the municipality

to exceed its power by declaring, arbitrarily, that to be a nuisance which, neither from its character nor the manner in which it is controlled or conducted, is a nuisance. However, a slaughter house erected or conducted in violation of the ordinance becomes a nuisance, though it may not have been such in the absence of such ordinance. Nor can it be said that this appeal may be maintained, because the ordinance, so far as it declares a slaughter house within the town limits to be a nuisance, is an arbitrary declaration against a business not otherwise a nuisance. The penalty from which the appeal is prosecuted is for maintaining a slaughter house within the town limits. As we have said, the right to direct the location of such houses is given by the letter of the legislative grant, and the penalty is assessed for the failure to obey the direction that such houses shall not be located within the corporate limits. The power given has been exercised by excluding them from a particular locality. This is but the equivalent of a direction that they shall be located without the corporate limits.

Where power exists to pass and enforce an ordinance, as we hold that it does in this case, there can be no inquiry by the courts into the wisdom or reasonableness of the power or its exercise, unless it infringe some provision of the constitution. *Steffy* v. *Town of Monroe City*, 135 Ind. 466, and authorities there cited.

The answer of the appellant, that the slaughter house was given its location by the direction and with the consent of the town trustees, is not available as an estoppel without allegations that such direction or consent was by corporate action taken in some method recognized by law, if indeed an order regularly entered of record by the board in session would estop the corporation to take subsequent action to the contrary. See *Barthet* v.

P., C., C. & St. L. R. W. Co. v. O'Brien et al.

*City of New Orleans,* 24 Fed. Rep. 563; 9 Am. and Eng. Corp. Cas. 509.

Finding no error in the record, the judgment of the circuit court is affirmed.

Filed October 9, 1895.