HERMAN KOUNTZE ET AL., APPELLANTS, V. CITY OF OMAHA, APPELLEE.

FILED NOVEMBER 20, 1901.    No. 10,352.

Commissioner's opinion, Department No. 3.

1. **Special Statute:** GENERAL ENACTMENT.  A special statute relating to a particular subject will not ordinarily be held inconsistent with a general enactment of such a nature that but for the, special statute it would have included the subject-matter of the latter.  In such case the general act operates according to its terms on all the subjects embraced therein, except the particular one which is the subject of the special act; and this is so, whether the general and special provisions are contained in the same statute, or in independent acts adopted at the same or different times.

2. **Charter:** CONSTITUTION.  Section 110 of the Omaha City Charter Act, *held* not to be violative of any constitutional guaranty and to be valid.

APPEAL from the district court for Douglas county. Heard below before FAWCETT, J.  *Affirmed.*

*Congdon & Parish,* for appellants.

*E. H. Scott* and *W. J. Connell, contra.*

Argued orally by *Congdon,* for appellants; by *Scott, contra.*

AMES, C.

The act of the legislature commonly and not inappropriately known as the "Omaha Charter" contains the following section:  "The mayor and city council shall have the authority to create street improvement districts for the purpose of improving the streets, alleys or other public grounds therein, by paving, repairing, macadamizing, curbing and guttering, or recurbing and guttering, in such manner as may be determined upon.  But the improvements named shall only be authorized upon the following conditions, to wit:  The mayor and city council may order

such improvement except repaving, by ordinance and cause it to be made, when it is embraced in any district the outer boundaries of which shall not exceed a distance of three thousand feet from any of the streets surrounding the court house grounds of the county within which city is located.  The mayor and city council may order such improvement, except repaving, and cause it to be made upon any street or alley within any district in the city, but if a protest signed by persons representing a majority of the taxable feet fronting on any street or alley ordered to be so improved in the improvement district shall have been filed with the city clerk within thirty days after the approval and publication of the ordinance ordering such work, then such improvement shall not be authorized. The mayor and city council shall order such improvement and cause it to be made in any district within the city, when a petition signed by persons representing a majority of the taxable feet front upon such street or alley shall have been filed with the city clerk." Compiled Statutes, ch. 13a, sec. 110. Omitting the first sentence, this section may, for the purposes of this discussion, be treated as composed of three clauses, the first apparently conferring upon the mayor and council unrestricted power to require by ordinance the improvement of streets in districts the outer boundaries of which shall not exceed three thousand feet from the streets surrounding the court house grounds; the second seeming to limit such power in any district, in such manner as to prevent its exercise in any case in which, within thirty days from the passage of the ordinance, a protest shall be filed by the persons therein mentioned; and the third enabling petitioners representing a specified street frontage in any district to peremptorily require the making of the improvement.  Acting pursuant to the first clause, the mayor and council by ordinance created two districts within the specified area adjacent to the court house and ordered them paved.  Within thirty days thereafter persons owning a majority of the taxable feet fronting upon the streets in these districts filed with the city

clerk a written protest against making the improvement. The city authorities threatening and being about to proceed with the making of the improvement, notwithstanding the protest, the persons, or part of them, who were parties to that document, began this action in the district court of the county, seeking to perpetually restrain the city from entering upon the execution of the work. The trial resulted in a judgment in favor of the defendant, dismissing the action, and for costs, and the plaintiffs brought the cause here by appeal.

It is first contended by appellants that the powers conferred upon the mayor and council by the first clause of the above quoted section of the statute are limited by the provisions of the second clause with respect to the protest, because the second is literally applicable to "any district in the city," although it is conceded by them, in argument, that such a construction would annul the first, and in practical effect strike it from the enactment. We do not think such a construction is required or is justifiable. The alleged conflict between the two clauses appears to us to be more apparent than real. The draughtsman of the act and the legislature, we think, used the word "any" in the second clause as meaning "any other," a sense in which it is not infrequently used colloquially. But whether this is so or not, it is a well settled rule of statutory construction that a special statute, relating to a particular subject, will not be ordinarily held inconsistent with a general enactment of such a nature that but for the special statute it would have included the subject-matter of the latter. In such case the general act operates according to its terms on all the subjects embraced therein, except the particular one which is the subject of the special act, and this is so whether the general and special provisions are contained in the same statute or in independent acts adopted at the same or different times. If the legislature had in such case intended that the general enactment should obliterate the special one, it is to be presumed that they would have made that intent known by the use of unambiguous lan-

guage.    Sutherland, Statutory Construction, secs. 157 and 216 *et seq.*, and authorities cited in notes; *Crane v. Reeder*, 22 Mich., 322; Endlich, Interpretation of Statutes, sec. 399, and authorities cited.    This rule has especial force when the conflict is alleged to arise in the same act, or in a single section of an act.    In such cases the special provision is treated as an exception from the general terms of the statute; per Christiancy, J., in the case above cited.    In all such cases the one controlling principle is to ascertain the intent of the legislature.    Sutherland, Statutory Construction, sec. 218.    It seems to us entirely clear that the legislature by the enactment in question intended to make a special regulation with respect to the specified area adjacent to the court house.

It is further contended that if the construction which we have adopted is the true one, the act is unconstitutional and void, because of depriving the appellants of their property without due process of law and denying them the equal protection of the law.    We do not think that this contention can be upheld.    The legislature, except to the extent it is restrained by the constitution of the state, has plenary powers over the subjects of taxation and of special assessments for local improvements, and may require, or authorize municipal corporations to require, such improvements to be made, at such times and upon such terms and conditions as they may see fit.    The enactment in question makes no provision with respect to the cost of the improvement, or the material to be used in making it, or the manner of raising the money with which to pay for it.    It would have been competent to commit the propriety of paving the streets of Omaha to the uncontrolled discretion of the mayor and council in all cases.    Instead of so doing the legislature chose to confer upon the property owners the rights of protest and petition named in the act, except with respect to the specified area surrounding the court house.    In other words, the act grants to a part of the taxpayers of Omaha certain privileges and immunities which it withholds from certain

others; but by so doing it deprives the latter of no property, immunity or protection to which they are entitled or which is guaranteed to them by any constitutional enactment, and they suffer no injury because of the fact that their neighbors enjoy these things which they do not enjoy. The act may be capricious and in a sense unjust, but it does not deprive the appellants of their liberty or of their property, or of any right they possessed antecedently to its adoption. Nor do we think the provision assailed by appellants is local or special legislation within the meaning of our constitution. Different parts of a considerable city are affected by varying circumstances, which render an absolute uniformity of regulations with reference to the pavement and drainage of streets, the construction and maintenance of sewers, the establishment of so called "fire limits" and the preservation of the health and peace, quite impracticable. To meet these varying conditions the city authorities must of necessity be entrusted with considerable discretion, and limitations upon their authority with respect to certain neighborhoods and their inhabitants may reasonably enough, in some instances, be omitted or suspended as to other parts of the city and its residents.

To what extent such variety may be introduced into laws for the government of municipalities, is a matter committed to the discretion of the legislature with which the courts are powerless to interfere, unless some positive constitutional guaranty is infringed, which we do not find to have been done in the case at bar.

We recommend that the judgment of the district court be affirmed.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED,