## City of Elkhart *v.* Lipschitz.

[No. 20,454. Filed May 23, 1905.]

1. Municipal Corporations. — *Slaughterhouses.* — *Police Power.* — When expressly authorized by the legislature, municipal corporations may, in the exercise of the police power, prohibit the maintenance or operation of slaughterhouses within their police power limits. p. 673.

2. Same. — *Powers.* — *Doubt.* — Municipal corporations have only the powers expressly granted and those necessarily implied from those granted and those necessary to the declared objects of the corporation, and all doubts are resolved against the corporation. p. 673.

3. STATUTES. — *Construction.* — *Municipal Corporations.* — *Slaughter-houses.*—"*Regulation.*"—The act of 1895 (Acts 1895, p. 180, §53, §3541 Burns 1901, subd. 11) providing that cities shall have the power "to direct·the location of * * * slaughterhouses * * * and to regulate the same; and for that purpose shall have jurisdiction for two miles in all directions from the city limits," does not authorize such cities to exclude slaughterhouses from the territory over which they have jurisdiction.   p. 673.

4. SAME.—*Construction.*—"*Regulate.*"—"*Prohibit.*"—Where one subdivision of a section of a statute gives cities the power to "regulate" and "to direct the location of * * * slaughterhouses," and another gives the right "to direct the location of" certain other places of business "and to prohibit" them, the legislature did not intend the word "regulate" in said former subdivision to include the power to prohibit.   Anything to the contrary in *Rund* v. *Town of Fowler*, 142 Ind. 214, is overruled.   p. 674.

5. SAME.—*Construction.*— *General and Special Provisions.*—Where one clause of a statute provides that the city council shall have power to "prohibit" the location of "any tallow chandlery or soap factory and other buildings and structures," and another, that such council shall have power to "regulate" and "direct the location of * * * slaughterhouses," such council can not exclude slaughterhouses, since such particular provision accompanying a general provision is excepted from the operation of the general.   p. 675.

6. SAME.—*Construction.*—*Municipal Corporation.*—*Implied Powers.*— A municipal corporation can not exclude slaughterhouses from the territory over which it has police jurisdiction by reason of §3610 Burns 1901, §3155 R. S. 1881, giving the power to pass ordinances other than those specifically prescribed if not contrary to law, and if necessary to carry out the objects of the corporation, since such exclusion of slaughterhouses is not essential to the objects of its creation nor to its continued existence.   p. 675.

From Elkhart Circuit Court; *Joseph D. Ferrall,* Judge.

Action by the City of Elkhart against Casper Lipschitz for the violation of a city ordinance.   From a judgment for defendant, plaintiff appeals.   *Affirmed.*

*J. M. Van Fleet* and *V. W. Van Fleet,* for appellant.
*James L. Harman* and *Edward B. Zigler,* for appellee.

MONKS, C. J.—The question presented by this appeal is whether or not cities governed by the act of 1867 (Acts 1867, p. 63), and the acts amendatory thereof and supplemental thereto (§3531 *et seq.* Burns 1901), had the power

in 1903 to prohibit slaughterhouses within the corporate limits and within two miles thereof. If they had, this case must be reversed; otherwise it must be affirmed.

1. It has been held that a town or city may prohibit the operation or maintenance of slaughterhouses within the territory over which it has police power, if expressly authorized so to do by the legislature. McQuillin, Mun. Ordinances, §448; *Beiling* v. *City of Evansville* (1896), 144 Ind. 644, 35 L. R. A. 272; *Boyd* v. *City Council, etc.* (1897), 117 Ala. 677, 680, 23 South. 663; *City of Portland* v. *Meyer* (1898), 32 Ore. 368, 52 Pac. 21, 67 Am. St. 538; *Ex parte Heilbron* (1884), 65 Cal. 609, 4 Pac. 648; *Harmison* v. *City of Lewistown* (1894), 153 Ill. 313, 38 N. E. 628, 46 Am. St. 893; *City of Spokane* v. *Robison* (1893), 6 Wash. 547, 33 Pac. 960. See, also, *City of Newton* v. *Joyce* (1896), 166 Mass. 83, 44 N. E. 116.

2. It is the law in this State that municipal corporations possess and can exercise only such powers as are granted by the legislature in express words and those necessarily implied or incidental to those expressly granted, and those necessary to the declared objects and purposes of the corporation. No incidental powers can be implied except such as are essential to the accomplishment of the purposes of their creation or for their continued existence. Doubtful claims to power, or any doubt or ambiguity in the terms used by the legislature, are resolved against the corporations. *Pittsburgh, etc., R. Co.* v. *Town of Crown Point* (1896), 146 Ind. 421, 422, 35 L. R. A. 684, and cases cited.

3. It is claimed by appellant that such power was given by the eleventh subdivision of §3541 Burns 1901, Acts 1895, p. 180, §53, which reads as follows: "To direct the location of markets or slaughterhouses or powder magazines, and to regulate the same; and, for that purpose, shall have jurisdiction for two miles in all directions from the city

limits." The authority granted is to direct the location of slaughterhouses. This does not empower cities to direct their location outside the two-mile limit, for they have no jurisdiction beyond such limit. The authority is to direct the location at some place or places within the territory over which the city has jurisdiction. To hold that said subdivision authorizes cities to direct the location of slaughterhouses beyond the two-mile limit would be to declare that cities were authorized thereby to prohibit slaughterhouses within said limits, when no such word, or word of like meaning, is used. It is clear that the legislature did not, by granting the power to direct the location, intend to give the power to exclude slaughterhouses from the territory over which the city had jurisdiction.

4. Moreover, the fourth subdivision of §3541, *supra,* clearly shows that the legislature did not understand that the power to direct the location of a business or building authorized a city to exclude the same from the territory over which the corporation had jurisdiction, for that subdivision not only gave the power to direct the location, but also, in express words, the power to prohibit. Said subdivision reads as follows: "To direct the location of tallow-chandleries, soap factories, and other buildings or structures; and to prohibit the erection of such buildings, or the continuance of noxious trades or business therein, whenever the health or welfare of the city shall require the same; and, for that purpose shall have jurisdiction two miles in every direction from the city limits." It is manifest that the words "to direct the location" have no broader or different meaning in the eleventh subdivision of §3541, *supra,* than in the fourth subdivision of said section, where it is shown that the legislature did not intend by the use of said words to grant the power to prohibit. *Pitte* v. *Shipley* (1873), 46 Cal. 154, 160; *Postal Tel. Cable Co.* v. *Farmville, etc., R. Co.* (1899), 96 Va. 661, 32 S. E. 468; 2 Lewis's Sutherland, Stat. Constr. (2d ed.), §399, p. 758. Anything in

*Rund* v. *Town of Fowler* (1895), 142 Ind. 214, which may be deemed to hold the contrary, is overruled.

5. Appellant insists, however, that said fourth subdivision gave authority to cities to prohibit slaughterhouses within the limits named therein. Counsel for appellant say: "Here is expressed power absolutely to prohibit the location within two miles of the city limits of any tallow-chandlery or soap factory 'and other buildings or structures.' These 'other buildings or structures' must mean something different from, but similar to, tallow-chandleries and soap factories; and if slaughterhouses do not come within that idea of similarity we do not know what would." It is sufficient answer to this contention of appellant to say it is a familiar rule that when there is in the same statute a particular enactment, and also a general one, which in its most comprehensive sense may reasonably, though not necessarily, be construed to include what is embraced in the former, the particular enactment must be operative, and the general enactment must be taken to affect only such cases within its general language as are not within the provisions of the particular enactment. In other words, the special mention of one thing indicates that it was not intended to be covered by a general provision in said act which would otherwise include it. Endlich, Interp. of Stat., §§396, 399; *Felt* v. *Felt* (1865), 19 Wis. *193, *196; *State, ex rel.,* v. *Hobe* (1900), 106 Wis. 411, 423, 82 N. W. 336; *Mason* v. *City of Ashland* (1898), 98 Wis. 540, 544, 545, 74 N. W. 357; *Long* v. *Culp* (1875), 14 Kan. 412, 414, 415; *State* v. *Showers* (1885), 34 Kan. 269, 272-274, 8 Pac. 474; *Kountze* v. *City of Omaha* (1901), 63 Neb. 52, 54, 55, 88 N. W. 117. Under this rule, even if the fourth subdivision were broad enough to include slaughterhouses, it is clear that the express mention of slaughterhouses in the eleventh subdivision of §3541, *supra,* indicates that said fourth subdivision was not intended to include slaughterhouses.

6. Appellant insists further that "the implied powers

of the common council of a city justify it in prohibiting slaughterhouses within two miles of the city limits, and that §3616 Burns 1901, §3155 R. S. 1881, which authorizes the common council to make ordinances other than those specifically prescribed by statute, not inconsistent with the laws of the State, and necessary to carry out the objects of the corporation, recognizes such implied power." As it can not be said that the power to prohibit slaughterhouses within the territory over which a city has police power is essential to the accomplishment of the purposes of its creation or for its continued existence, such power can not be implied. *Pittsburgh, etc., R. Co.* v. *Town of Crown Point, supra.*

Applying the rule that doubtful claims to power or any ambiguity or uncertainty in the terms used by the legislature are resolved against the corporation, it is evident that appellant had no power in 1903 to prohibit slaughterhouses within the territory over which it had police control.

Judgment affirmed.