STATE ex rel. JOSEPH SHEEHY v. WILLIAM J. BATES.[1]

November 10, 1905.

Nos. 14,451—(228).

**Criminal Law—Jurisdiction.**

The law regulating criminal procedure of a municipality provided that when an offender was in custody he should be brought before the court without process, and the clerk should enter upon the records of the court a brief statement of the offense with which he was charged, the statement to stand in place of a complaint. Relator, having been arrested without a warrant, was taken before the court charged with drunkenness and disorderly conduct, and the record of the proceedings is as follows: "The City of Duluth v. Joseph Sheehy. Being drunk and disorderly. September 21, 1904, complaint of Officer Wilcox, defendant [Joseph Sheehy] being in court, pleads not guilty. Trial set for 11 o'clock a. m. to-day. Bail fixed at $250.00, in default of which defendant remanded to the city jail. September 21, 1904, 11 a. m. Case called. Defendant in court. Frank Wilcox, James Dingwall, James Rocevell, and Walter Lloyd called, sworn, and testify for the city. City rests. Joseph Sheehy, Bert Sommerfield, Norman Bain, and Peter Quinn called, sworn, and testify for the defendant. Defendant rests. Thereupon the court adjudges the defendant guilty and sentences him to be committed to the county jail for a period of sixty days at labor. Defendant committed." *Held*, the court did not acquire jurisdiction of relator, for the reason that the complaint failed to state a public offense.

Appeal by relator from an order of the district court for St. Louis county, Dibell, J., discharging a writ of habeas corpus and remanding relator to the custody of defendant sheriff. Reversed.

[1] Reported in 104 N. W. 890.

*John M. Martin, L. C. Harris,* and *Moritz Heim,* for appellant.
*Thomas J. McKeon,* Assistant City Attorney, for respondent.

LEWIS, J.

Relator was arrested in the city of Duluth, September 20, 1904, by a police officer of that city, without a warrant, was lodged in the city jail overnight, and the next morning brought before the municipal court upon a charge of drunkenness and disorderly conduct, to which he pleaded not guilty, was tried, found guilty, and committed to the county jail for the period of sixty days at labor. Relator appealed to the Supreme Court from the judgment of the municipal court, but the appeal was dismissed. Pending the appeal he was released on bail, but upon dismissal thereof was again recommitted to jail. Proceedings in habeas corpus were then commenced in the district court in St. Louis county, and after a hearing the writ was discharged and relator again remanded to jail. From that order appeal was taken to this court under chapter 327, p. 734, Laws 1895.

Of the several propositions urged on behalf of relator as the ground for his discharge from custody, we will consider only one, viz., whether the municipal court acquired jurisdiction to try the relator and impose sentence.

Relator was arrested and tried under the provisions of the city ordinance, which in part reads as follows:

> It shall be unlawful within any public street, ground or thoroughfare, or in any public theater, hall, shop or store, or other public place within the limits of the city of Duluth, for any person to take part in, incite or encourage any brawling, disorderly noise, shouting, dancing or other disturbance of the public peace, or within such public place to commit or encourage the making or committing of any assault or battery, or to appear in such public place in a state of open drunkenness.

Section 32, c. 53, p. 602, Sp. Laws 1891, part of an act pertaining to the jurisdiction of the municipal court of the city of Duluth, reads:

> *Criminal Proceedings—How Conducted.*—Complaints in criminal cases, where the defendant is not in custody, may be made to the court while in session, or to the judge or

clerk when not in session, and shall be made in writing, or be reduced to writing by the judge or clerk and sworn to by the complainant, whether the offense charged be a violation of the criminal laws of the state or of the ordinances, regulations, laws or by-laws of said city. Complaints, warrants and other process in criminal cases may follow substantially· the forms heretofore in use by justices of the peace, with such alterations as may be convenient to adapt the same to the style of this court, or may be in such other form as the court may prescribe, sanction or approve. In cases where alleged offenders shall be in custody and be brought before the court or 'the clerk without process, the clerk shall enter upon the records of the court a brief statement of the offense with which the offender is charged, which statement shall stand in place of a complaint, unless the court shall direct a formal complaint to be made. The plea of the defendant shall be "guilty" or "not guilty." In case of a failure to plead the clerk shall enter a plea of not guilty, and a former acquittal or conviction for the same offense may be proved under the plea of not guilty with like effect as if formally pleaded.

The record of the proceedings in the municipal court is as follows:

The City of Duluth v. Joseph Sheehy. Being drunk and disorderly. September 21, 1904, on complaint of Officer Wilcox, defendant (Joseph Sheehy), being in court, pleads not guilty. Trial set for 11 o'clock a. m. today. Bail fixed at $250, in default of which defendant remanded to the city jail. September 21, 1904, 11 a. m. Case called. Defendant in court. Frank Wilcox, James Dingwall, James Rocevell, and Walter Lloyd called, sworn, and testified for the city. City rests. Joseph Sheehy, Bert Sommerfield, Norman Bain, and Peter Quinn called, sworn and testify for the defendant. Defendant rests. Thereupon the court adjudges the defendant guilty and sentences him to be committed to the county jail for a period of sixty days at labor. Defendant committed.

This record does not disclose that relator committed any offense against the laws of Minnesota, or that he violated any of the ordinances

of the city of Duluth, or that any offense was committed at any time or place within the jurisdiction of the municipal court of Duluth. He was charged with being drunk and disorderly, and ostensibly convicted on such charge. The ordinance provides that it is

> Unlawful within any public street * * * or other public place within the limits of the city of Duluth, for any person to take part in, incite or encourage any brawling, disorderly noise, shouting * * * or other disturbance of the public peace, * * * or to appear in such public place in a state of open drunkenness.

The record does not show that relator committed any of these offenses at any particular time within the jurisdiction of the municipal court of Duluth. It is not shown that he appeared in any public place in a state of open drunkenness, or that he committed any other disturbance of the public peace within the jurisdiction of the court. Relator was simply charged with being "drunk and disorderly," and, so far as the record shows, he might have been beyond the city limits, or, if in the city, at his own home, or at least not in a public place.

The section above quoted from the city charter divides criminal procedure into two classes: Defendants not in custody, and defendants in custody. In the first instance, the criminal complaint must be in writing, or be reduced to writing and sworn to, before a warrant can issue for the arrest of the offender. In the second class, the offender is brought before the court, or clerk, without process, and the clerk is required to enter upon the records of the court a brief statement of the offense charged against the offender, which statement shall stand in the place of a complaint, unless the court shall direct a formal complaint to be made, and defendant is then required to plead thereto.

There is no avoiding the effect of this language. It is just as important that the commission of an offense be disclosed by a statement reduced to writing, when the offender is in custody, as that a formal complaint states facts constituting an offense, when the offender is not in custody. The requirement that a brief statement of the offense shall be reduced to writing in the records of the court cannot be ignored and treated as an incidental matter. Such might be the case, were authority conferred to enter an oral complaint in open court, to which defendant

was required to plead; but relator was not answering to an oral complaint. Jurisdiction cannot be presumed from the mere fact that the relator was arrested and brought before the court. The complaint is the first step in the proceedings, and if it charges the commission of an offense it confers jurisdiction, and irregular subsequent proceedings are sometimes treated as mere irregularities. State v. Graffmuller, 26 Minn. 6, 46 N. W. 445. This particular question does not seem to have been presented to the district court, but under the statute the matter comes here on appeal, is to be tried de novo, and cannot be ignored.

For these reasons, relator is held in custody without warrant of law, and must be discharged. So ordered.