# STATE v. MABEL CLAIRE.[3]

## April 11, 1913.

## Nos. 17,971—(3).[4]

**Criminal complaint defective.**

Defendant was convicted of a violation of an ordinance of the city of Minneapolis. *Held:* The complaint was defective in failing to state that the offense specified (speaking indecent language) was committed in a public place, and the conviction was unwarranted. [Reporter.]

Defendant was convicted in the municipal court of Minneapolis of violating an ordinance of that city. The facts are stated in the opinion. Defendant's

---

[1] Reported in 140 N. W. 135.   [3] Reported in 140 N. W. 747.
[2] October, 1912, term calendar.   [4] April, 1913, term calendar.

motion to set aside the judgment and grant a new trial was denied, C. L. Smith, J. From the order denying a new trial, defendant appealed. Reversed.

*Orin M. Oulman,* for appellant.

*Daniel Fish,* City Attorney, and *W. G. Compton,* Assistant City Attorney, for respondent.

PER CURIAM.

The appellant was convicted in the municipal court of the city of Minneapolis of having violated that provision of the city ordinance which reads as follows: "Nor shall any person in any public place  *   *   *   speak any indecent, lewd, or immoral language." She made a motion for a new trial, which was denied, and she appeals to this court from the order denying it.

To constitute the offense defined in the ordinance, the "language" must have been spoken in a *public place.* The complaint reads: "That on the 31st day of May, 1912, at the city of Minneapolis, Hennepin county, Minnesota, the defendant then and there being did wilfully, unlawfully, and wrongfully be guilty of obscene, filthy acts, and of lewd, indecent, immoral, insulting language and behavior, contrary to the provisions of the ordinance passed by the city council of the city of Minneapolis."

While such a complaint is not required to be in any prescribed form, it must disclose the existence of the several facts which the law (in this case the ordinance) makes necessary to constitute the offense. The above complaint contains no statement that the alleged offense was committed in any public place, and as the conviction rests upon the charge contained in this complaint it cannot be sustained. State v. Bates, 96 Minn. 150, 104 N. W. 890.

The complaint held sufficient in State v. Olson, 115 Minn. 153, 131 N. W. 1084, charged the offense substantially in the words of the ordinance. The complaint in the present case fails to charge an essential element of the offense, either in the words of the ordinance or in any other manner.

Although certain proceedings in the court below were somewhat irregular, it is not necessary to consider such matters in determining this appeal, and they are not likely to occur again.

The appellant having moved to expunge from the certificate attached to the settled case a statement specified in her notice of motion, claimed to reflect upon her counsel, and the respondent having assented thereto, such statement is stricken from the record.

The order appealed from is reversed.