[No. 14282.  Department One.  December 14, 1917.]

THE CITY OF PUYALLUP, *Respondent*, v. F. H. CROSBY,
*Appellant*.[1]

MUNICIPAL CORPORATIONS—VIOLATION OF ORDINANCE—PROSECUTION
IN NAME OF STATE. A criminal complaint for the violation of a city
ordinance, entitled in the name of the city as plaintiff, sufficiently
complies with Rem. Code, § 7671-20 requiring the same to be prose-
cuted in the name of the state of Washington, where the charge in
the body of the complaint clearly informed the accused that he was
being prosecuted for violation of the ordinance in the proper court,
and the warrant issued commanded his arrest in the name of the
state.

Appeal from a judgment of the superior court for Pierce
county, Card, J., entered March 19, 1917, upon a trial and
conviction of violating an ordinance.  Affirmed.

*John E. Gallagher*, for appellant.

*M. F. Porter*, for respondent.

PARKER, J.—The defendant, Crosby, was charged in the
police justice's court of the city of Puyallup with violating
the provisions of an ordinance (No. 536) of that city, by
complaint which, so far as we here need notice its language,
reads as follows:

In Police Justice's Court, City of Puyallup, State of Washington.
Before E. O. Mathias Esq., Police Justice.

The City of Puyallup,
              Plaintiff,
        v.                        } Complaint.
F. H. CROSBY,
              Defendant.

State of Washington, City of Puyallup, ss.

OSCAR OLSON, being duly sworn on his oath complains and
says: That on about the 18th day of May, 1916, at the city of Puy-
allup, state of Washington, F. H. Crosby, then and there being did
. . . contrary to Ordinance No. 536 of said city, entitled . . .

[1]Reported in 169 Pac. 322.

The warrant for the arrest of the defendant was thereupon issued by the justice, wherein the title of the case appears as in the complaint.  The warrant was addressed to the city marshal and, following the usual recitals, concluded as follows:

"Therefore, In the name of the state of Washington, you are hereby commanded to forthwith apprehend the said F. H. Crosby, and bring him before me to be dealt with according to law and ordinance."

Trial in the police justice's court resulted in the defendant's conviction, and upon appeal therefrom to the superior court for Pierce county, he was again adjudged guilty upon the verdict of a jury, there being a trial *de novo* in that court as provided by law upon such an appeal.  From the judgment of conviction in the superior court, he has appealed to this court. .

It is here contended in appellant's behalf that the superior court erred in denying his motion "to quash the warrant and complaint on file in this action for the reason that it appears from the face thereof that the same are void."  It is argued that the whole of the proceedings are void because the case was not prosecuted in the name of the state, counsel relying upon the provisions of § 7671-20, Rem. Code, reading in part as follows:

"The violation of any ordinance of such city shall be deemed a misdemeanor, and may be prosecuted by the authorities of such city in the name of the people of the state of Washington, or may be redressed by civil action, at the option of said authorities."

This section relates to prosecutions for violation of ordinances of cities of the third class, to which class Puyallup belongs.  It is apparent that the city authorities proceeded upon the theory that the prosecution was criminal and not civil in its nature.  Counsel for appellant seems to proceed upon the theory that we must look to the title of the case alone to determine by what authority the city assumes to

prosecute appellant. It would have been better practice to have disclosed, by appropriate words in the title of the case, that the city was proceeding in the name of the state. We think, however, that the words used in the title do not necessarily mean that the city was not so proceeding; the charge in the body of the complaint clearly informed appellant that he was being prosecuted for the violation of an ordinance of the city in a court having jurisdiction to try such offenses, and the warrant issued thereon by the justice clearly commands his arrest in the name of the state. We, therefore, think that it sufficiently appears from the record as a whole that appellant was being prosecuted by the city authorities in the name of the state. The naming of the city of Puyallup as plaintiff in the title of the case was, we think, in any event, only an irregularity that did not in the least affect appellant's substantial rights. He was accorded all the rights which he could possibly have, had the title of the case indicated within itself that he was being prosecuted in the name of the state, and, plainly, the judgment rendered upon the prosecution became a bar to any further prosecution for the offense charged.

In *State v. Graffmuller,* 26 Minn. 6, 46 N. W. 445, the defendant was prosecuted in a justice court for the violation of a penal provision of a state law, to wit, the city charter of the city of Northfield, defendant being convicted and fined under that law in an action wherein the city was named as plaintiff instead of the state. In holding that this was a mere irregularity not affecting the defendant's rights, Justice Cornell, speaking for the court, said:

"In making an entry of the action in his docket, the justice entitled it as one between the city of Northfield as plaintiff, and the said Graffmuller as defendant, and this is assigned as error. This was undoubtedly erroneous, for the action was clearly a criminal one, in which the state was the party plaintiff, in whose behalf it was prosecuted, and it should have been so entered in his docket, according to the direction of Gen. St. c. 65, § 133. The error, however did

not oust the justice of jurisdiction, nor did it in any manner prejudice the defendant. The proceedings themselves, as entered and referred to in the docket, fully disclosed the character of the action, and the parties to it. The complaint and warrant were for a misdemeanor, and the judgment corresponded therewith. It was not in favor of the city as plaintiff, but it simply adjudged the defendant guilty of the crime charged against him, and imposed a fine upon him; in accordance with the terms of the statute that created it. The record of the proceedings is sufficiently full and specific to protect him against another prosecution for the same offense."

This view of the law was adhered to by that court in the later case of the *City of Faribault v. Wilson*, 34 Minn. 254, 25 N. W. 449, where there was involved a violation of the ordinance of the city. The title of the case named the city as plaintiff, when, under the statute, the state should have been named as plaintiff.

The following of our own decisions are of interest in this connection and in harmony with this view of the law, though we do not cite them as being applicable to the exact situation here involved. *Spokane v. Robison*, 6 Wash. 547, 33 Pac. 960; *State v. Fountain*, 14 Wash. 236, 44 Pac. 270; *Seattle v. Chin Let*, 19 Wash. 38, 52 Pac. 324.

The judgment is affirmed.

ELLIS, C. J., FULLERTON, MAIN, and WEBSTER, JJ., concur.