# REPORTS OF CASES

# SUPREME COURT,

## JANUARY TERM, 1875.

[No. 10,152.]

## Ex Parte JOHN WHITE.

Fugitives from Justice.—The Governor of this State has no authority to surrender a fugitive who has committed a crime in another State, unless judicial proceedings have been commenced against him for the crime in the State in which it was committed.

Arrest of Fugitives from Justice.—A person cannot be arrested here for a crime committed in another State, unless a prosecution has been commenced, and is pending against him for the alleged crime in the State having jurisdiction of the offense.

Constitutionality of Law Concerning Fugitives from Justice.—The Court say, without passing authoritatively on the point, that no reason is perceived why a law allowing fugitives from justice fleeing from another State to be arrested here and delivered up to the authorities of the State having jurisdiction of the offense, is not constitutional.

On the 18th day of January, 1875, a warrant was issued by the Chief Justice of the Supreme Court, for the arrest of the petitioner, White. The warrant was issued on an affidavit of Daniel Coffey, which alleged that, on or about the 1st day of December, 1874, at the city of Boston, State of Massachusetts, White stole three gold watches, of the value of $300, and that, to escape punishment, he fled from

the State of Massachusetts, and had taken refuge in the State of California.

The other facts are stated in the opinion.

By the Court, CROCKETT, J.:

The petitioner has been brought before us on a writ of *habeas corpus*, and it appears from the return of the Chief of Police, that he is held under a warrant of arrest issued by a magistrate having authority to issue such writs. It further appears that there was presented to the magistrate, before and at the time of issuing the warrant, an affidavit made in this State, to the effect that the petitioner had committed the crime of grand larceny in the commonwealth of Massachusetts, and is a fugitive from justice from that State. But it was not shown, by the affidavit or otherwise, that a prosecution is pending, or has ever been instituted in Massachusetts against the petitioner for the alleged offense.

Section 1,548 of the Penal Code, provides that " a person charged in any State of the United States, with treason, felony, or other crime, who flees from justice, and is found in this State, must, on demand of the executive authority of the State from which he fled," be delivered up by the Governor of this State. Under this section, it is evident the Governor has no authority to surrender a fugitive, unless he has been " charged " with crime in the State from which he fled. A prosecution must have been intimated there, before the Governor can act. Section 1,549 provides that " a magistrate may issue a warrant for the apprehension of a person so charged, who flees from justice and is found in this State;" and the seven next succeeding sections provide what steps shall be taken for the detention of the fugitive until a requisition shall be made for his surrender by the proper authorities of the State from which he fled.

The first point for consideration is, whether this case comes within the purview of the statute, and we are convinced it does not. It was not intended that a person might be arrested here upon an affidavit or information

charging him with the commission of a crime in another State, when no prosecution has been commenced there, and may never be. He is not a fugitive from justice in the sense of the statute, unless, at the time of his arrest, there be a pending prosecution against him for the alleged crime, in the State having jurisdiction of the offense. Section 1,550 tends strongly to support this view when it provides that at the examination before the committing magistrate, "an exemplified copy of an indictment found, or other judicial proceedings had against him in the State in which he is charged to have committed the offense, may be received as evidence before the magistrate." The statute contemplates a case in which a prosecution is pending in another State and the fugitive is found in this State, and may escape punishment unless he shall be detained until sufficient time shall have elapsed to procure and forward a requisition for his surrender. But, as already stated, it is not applicable to a case in which no prosecution is pending in the State having jurisdiction of the offense. This view of the law renders it unnecessary for us to decide whether these provisions of the Penal Code are unconstitutional; but without pronouncing an authoritative opinion on the point, it may not be improper for us to say that no reason occurs to us, and none has been suggested at the argument, why it is not competent for the Legislature to provide for the arrest and detention of a fugitive from justice until his surrender shall be demanded in accordance with the Constitution and laws of the United States.

Ordered that the prisoner be discharged from custody.

Mr. Chief Justice WALLACE and Mr. Justice McKINSTRY concurred specially in the judgment.