THE STATE v. SWOPE, *Appellant.*

1.  **Fugitive from Justice**: COMPLAINT FOR HIS ARREST, MUST SHOW WHAT. The complaint required by section 5706, Revised Statutes, to be filed before a warrant can be issued for the arrest of a person as a fugitive from justice from another state, must show that he has been guilty of some crime against the laws of that state: and this may be either by direct averment, or by stating facts which constitute a crime at common law.   If there be no direct averment of a crime, and the facts stated do not constitute one at common law, (as, for example, the obtaining money under false pretenses,) the officer acquires no jurisdiction, and his warrant will be void.   A statement that the act was committed feloniously and against the peace and dignity of the state where it occurred, will not be sufficient.

2.  **Recognizance.** A recognizance given by one in custody under an illegal warrant, is involuntary, and cannot be enforced against him or his sureties.

*Appeal from Jackson Criminal Court.*—HON. H. P. WHITE, Judge.

REVERSED.

This was a *scire facias* upon a recognizance. One Lewis was arrested and brought before a justice of the peace on a charge of being a fugitive from justice from the state of Iowa. His hearing was postponed and he gave the recognizance in question, with defendant, Swope, as his surety. He subsequently made default, and the recognizance was declared forfeited. This *scire facias* was issued against defendant, Swope, and he appeared and demurred to the writ. The demurrer was overruled, and final judgment entered against him, from which he appealed to this court.

*John W. Beebe* for appellant.

1. The magistrate undertaking to exercise the jurisdiction conferred by section 5706 must pursue its provisions strictly. *Jefferson Co. v. Cowan*, 54 Mo. 234; *Schell v. Leland*, 45 Mo. 290.

2. In the case at bar, before the justice could lawfully issue a warrant for the arrest of Lewis, it was absolutely necessary that he should have been informed by way of a sworn charge of two jurisdictional facts, viz: 1. That a person within this State had committed a crime in some other state or territory. 2. That such person fled from justice.

Here is no averment that the false pretenses complained of constituted a crime in the state of Iowa. The act of obtaining money by means of false pretenses, was not indictable at common law. 2 Wharton's Crim. Law, 2062; *Reg. v. Jones*, 2 Ld. Raym. 1013. Hence, if the act charged in this affidavit is a crime in Iowa, it is by virtue of some statute making it such, and the courts of this State cannot take judicial notice of such statute if it exists. It was, therefore, absolutely essential to the validity of this affidavit, that it should contain a positive averment that the act charged was a crime in Iowa. *Bundy v. Hart*, 46 Mo. 460; *Van Vechten v. Hopkins*, 5 Johns. 211; *Fry v. Bennett*, 5 Sandf. (N. Y.) 65.

The word "feloniously," in the affidavit, and the phrase " against the peace and dignity of the state of Iowa," are not more effective than the innuendo in *Bundy v. Hart*, *supra*, and cannot be said to supply the place of a fact necessary to be alleged. *Hinch v. State*, 2 Mo. 158; *State v. Helm*, 6 Mo. 263; *Memphis v. O'Connor*, 53 Mo. 468; *State v. Joiner*, 19 Mo. 224; *Stringer v. Davis*, 30 Cal. 320; *Ensign v. Sherman*, 13 How. Pr. 37; 1 Estes' Plead., 128; 1 Wharton's Crim. Law, (7 Ed.) p. 402, § 402.

3. The complaint is, therefore, insufficient to confer jurisdiction to issue the warrant. *Matter of Heyward*, 1 Sandf. 705; *People v. Brady*, 56 N. Y. 182; *Lambert v. People*, 9 Cow. 578; *State v. Hufford*, 28 Iowa 391; *Ex Parte Smith*, 3 McLean 121; *Matter of Fetter*, 23 N. J. L. 311; *Matter of Romains*, 23 Cal. 585; Sedgwick on Construction of Statutes and Constitutional Law, p. 569; Rover on Inter-State Law, p. 221; *Bray v. McClury*, 55 Mo. 128. If the magistrate failed to acquire jurisdiction, it necessarily follows that all the proceedings before him, including the taking the recognizance, were *coram non judice*, and wholly void. *State v. Randolph*, 22 Mo. 474; *State v. Ferguson*, 50 Mo. 409; *State v. Woolery*, 39 Mo. 525. And to render the recognizance valid it must appear affirmatively of record that the court, assuming to take it (if of special or limited jurisdiction), must not only have had authority to act in cases of that kind, but that jurisdiction had been acquired in the particular case. Herman on Estoppel, 159.

4. The defendant is not estopped by having executed the recognizance. Consent will not confer jurisdiction where the statute, which can alone confer it, has not been pursued. *State v. Hufford*, 28 Iowa 391; *Cadwell v. Colgate*, 7 Barb. 253; *Broadhead v. McConnell*, 3 Barb. 175; *Carpenter v. Inhabts. of Lathrop*, 51 Mo. 483; *U. S. v. Horton's Sureties*, 2 Dill. 94.

*J. L. Smith*, Attorney-General, for the State.

SHERWOOD, C. J.—The only vital question in the case before us is, as to the jurisdiction of the justice who issued the warrant, upon which Lewis was arrested, brought before that officer and gave the recognizance which is the subject of the present proceeding. Section 5706, Revised Statutes 1879, provides that: "Whenever any person, within this State, shall be charged on the oath or affirmation of any credible witness before any judge or justice of a court of record or a justice of the peace, with the commission of any crime in any other state or territory of the United States, and that he fled from justice, it shall be lawful for the judge or justice to issue his warrant for the apprehension of the party charged." It will be readily seen that in order for the magistrate to acquire jurisdiction under the statute just quoted, three things are absolutely essential: 1st, That there is a person within this State. 2nd, That a credible witness before such magistrate, on oath or affirmation, charge such person with the commission of a crime in another State; and 3rd, That such person fled from justice. It is only "whenever" all these essentials concur, that " it shall be lawful for the judge or justice to issue his warrant for the apprehension of the party charged."

*1. FUGITIVE FROM JUSTICE: complaint for his arrest, must show what.*

In this case the charge is, that Lewis is a fugitive from justice, which is tantamount to the statement that " he fled from justice," but it is nowhere stated in the oath made before the magistrate, that Lewis had committed a crime in the state of Iowa. It is true that the statement is made before the magistrate by the complainant, that Lewis, in the city of Burlington, in that state, did feloniously, etc., by certain false pretenses, obtain a large sum of money from complainant, against the peace and dignity of the state of Iowa; but it is not stated that such acts constitute a crime under the laws of that state. Thus, one of the essentials necessary to confer jurisdiction on the magistrate was omitted. The obtaining of money under false

pretenses was not a crime at common law. *Regina v. Jones,* 2. Ld. Raym. 1013; 2 Wharton's Crim. Law, § 1118. If the facts sworn to before the magistrate constituted a crime at common law, the omission above suggested would be obviated, for then we could safely assume that the common law of Iowa is the same as that of our own State; *Bundy v. Hart,* 46 Mo. 460, and cases cited., and that a crime was charged in consequence of the facts being stated which are the constituents of such crime. If however, the alleged offense derives its criminality from the statute alone, the rule is otherwise; for we cannot take judicial notice of the laws of another state at variance with the common law. *Johnson v. Dicken,* 25 Mo. 580.

Nor is the charge made before the magistrate aided by the word " feloniously," or by the words " against the peace and dignity of the state of Iowa." (See authorities cited for defendant.) It is quite obvious from the foregoing considerations, that Lewis was charged with no crime known to the common law, and none against the state of Iowa, of which we can take judicial notice. And it is equally obvious that as no crime was charged, the magistrate had no authority under the statute above quoted, and that is the only source of his authority, to issue his warrant for the arrest of Lewis, or to take any ulterior steps; in other words, the justice had no jurisdiction. It is a rule of universal acceptance that jurisdiction, when limited, must affirmatively appear. But when jurisdiction is special in its nature and origin; when it has no existence but for the occurrence of specific facts; when it is specially bestowed by some statutory regulation, then the facts necessary to confer the special and exceptional jurisdiction, must affirmatively appear, or else the acts of even courts of general jurisdiction cannot withstand collateral attack. *K. C., St. Jo. & C. B. R. R. Co. v. Campbell,* 62 Mo. 585.

As a matter of course, if the justice had no jurisdiction, and we can presume none, the recognizance taken by him for the appearance of Lewis at a future day, can pos-

sess no binding or obligatory force. This case, is for this reason, totally unlike in its incidents, that of *State v. Poston*, 63 Mo. 522, or the more recent one of *State v. Millsaps*, 69 Mo. 359, since in those instances the jurisdiction of the court in the former, and of the judge in the latter, were undoubted, and consequently, the validity of the recognizances equally so. The cases cited by counsel for defendant abundantly show that where the affidavit for the arrest of a party charged as a fugitive from justice is similarly defective as is the charge in the case before us, that the party thus charged is entitled to be released on *habeas corpus*, on the ground that such defect is a fatal one. Now, a party under the *habeas corpus* act is not entitled to his discharge for mere irregularity, but only where there is a "complete defect in the proceedings," *i. e.*, a lack of jurisdiction, (Hurd on Hab. Corp., 331, *et seq*, and cases cited; *Ex Parte Snyder*, 64 Mo. 58,) and the authorities cited for defendant evidently proceed upon that theory.

If, as we have seen, the justice had no jurisdiction to issue the warrant, nor to take the recognizance, or what 2. RECOGNIZANCE. amounts to the same thing, no jurisdiction affirmatively appears on the face of his proceedings, the giving of the recognizance could not be regarded as voluntary, nor as conferring a jurisdiction not previously possessed. *State v. Hufford*, 28 Iowa 391; *U. S. v. Horton's Sureties*, 2 Dill. 94. Holding these views, we shall reverse the judgment. All concur.