THE STATE *ex rel.* WALKER, *Attorney General*, v. MURPHY, *Judge*.

Division Two, February 4, 1896.

1. **Habeas Corpus:** ST. LOUIS COURT OF CRIMINAL CORRECTION: JURISDICTION.  A judge of the St. Louis court of criminal correction has no jurisdiction of an application to release, on *habeas corpus*, one held in custody under an indictment for murder where either of the judges of the criminal court are in the city.

2. **Prohibition:** ST. LOUIS COURT OF CRIMINAL CORRECTION: JURISDICTION.  Prohibition will lie to prevent the improper exercise of jurisdiction by the judge of the court of criminal correction.

*Prohibition.*

WRIT AWARDED.

GANTT, P. J.—This is an original proceeding commenced in this court by the attorney general to obtain a final judgment prohibiting the defendant, the judge of the St. Louis court of criminal correction, from further taking cognizance or asserting jurisdiction of an application made to said court by Judge John G. Wear for a writ of *habeas corpus* to release Charles Wear, who was in the custody of Lawrence Harrigan, chief of police of the city of St. Louis, and by him held

for T. A. Tickell, the sheriff of New Madrid county, who held and had the legal custody of said Charles Wear by virtue of an *alias capias* of commitment issued by the clerk of the circuit court of Butler county, Missouri, upon an indictment duly preferred in said Butler county against said Charles Wear for murder in said county.

The petition avers that said petition for *habeas corpus* so instituted by said John G. Wear on behalf of said Charles Wear was filed before the defendant as judge of the St. Louis court of criminal correction and was directed against J. R. Speed and one Hotfelder, the turnkeys at the holdover or jail of the Four Courts building in said city of St. Louis. It is further averred that at the time said application and proceeding for *habeas corpus* were commenced before said defendant, and the jurisdiction to hear and determine the same assumed by him, the judges of the criminal court of the city of St. Louis, the Honorable Thomas B. Harvey and the Honorable Henry L. Edmunds were both present in said city and their respective courts were in session during the pendency of said proceeding before defendant, and that in issuing said writ of *habeas corpus* and assuming jurisdiction to hear and determine the same, while the said judges of the criminal court of the city of St. Louis were present in said city, the defendant was exceeding his jurisdiction as judge of the said court of criminal correction.

A preliminary rule upon Judge Murphy was granted, returnable January 7, 1896, at which time he appeared and filed a demurrer to the petition and a motion for judgment upon the pleadings.

Owing to the enforced absence of one of the judges of this division and the refusal of another to sit on account of relation to one of the parties, the matter has been unavoidably delayed until this time.

Whether the defendant was exceeding his jurisdiction when he issued the writ, or continued to do so after he was notified that Charles Wear was held in custody by the sheriff of New Madrid county by virtue of a regular commitment issued upon an indictment for murder duly preferred against said Wear in Butler county, Missouri, must be determined by the laws creating the St. Louis court of criminal correction in connection with the statute governing *habeas corpus* in this state.

The St. Louis court of criminal correction is of statutory origin. While for some purposes it is denominated a court of record, it is not one proceeding according to the course of the common law. The powers of the judge of said court are defined in the seventh section of the act creating the court. 2 R. S. 1889, p. 2153. Among others it is provided "he shall have power to issue writs of *habeas corpus*, and determine the same."

By section 5412, Revised Statutes, 1889, it is specifically provided that "the several provisions contained in this chapter [chapter 78] shall be construed to apply, so far as may be applicable, and except where otherwise provided, to every writ of *habeas corpus* authorized to be issued by any statute of this state." By section 5414, chapter 78, Revised Statutes, 1889, it is further provided, "When a person applies for the benefit of this chapter, who is held in custody on a charge of crime or misdemeanor, his application, in the first instance, shall be to the judge of the circuit court for the county in which the applicant is held in custody, if, at the time of the application, such judge be in the county, except that in the city of St. Louis the application, in the first instance, shall be made to the judge of the criminal court for said city, if he [the judge], at the time of the application, shall be in said

city." And notice shall be given to the circuit or prosecuting attorney.

That this general chapter applies as well to the practice in *habeas corpus* in the court of criminal correction as in all other courts having jurisdiction in such cases can not be doubted. It is not only in *pari materia*, but it is made applicable by its own terms. Little room is left for controversy. The demurrer admits the allegations of the petition, and from those averments it appears to us that Charles Wear was, and is, in custody on a charge of murder, and has applied for a writ of *habeas corpus*. By the plain letter of the statute, as he was detained in the city of St. Louis he was required to apply in the first instance to one of the two judges provided by law for the criminal court of St. Louis, if either of them was in the city; and this again the demurrer admits, and yet he applied to the defendant, who was not a judge of either of said courts. Notwithstanding the legislature conferred jurisdiction on defendant to issue writs of *habeas corpus*, that privilege was to be exercised in conformity to the law governing all the courts of the state.

It was pointed out by this court in *State ex rel. v. Field*, 112 Mo. 554, that when this section first became law in May, 1855, there were several courts of record in St. Louis other than the criminal and circuit courts, to wit: the court of common pleas, the land court, the law commissioner's court, and, when it was amended in 1879, the court of criminal correction. It was entirely competent for the legislature to regulate the issuing and hearing of this great writ of right so as to prevent unseemly conflicts in jurisdiction and to avoid a miscarriage of justice.

The position of defendant that he had the right to proceed and determine the application for *habeas corpus*.

Vol. 132 mo—25

*unless the applicant disclosed* that he was held in custody under a criminal charge can not be maintained. The moment he was apprised that the prisoner was held in custody under an indictment for murder, and that either of the judges of the criminal court was in the city, it was his duty to decline all further cognizance of the case, for it then became apparent that the application should have been first made to one of the judges of the criminal court, and from that time defendant was exceeding his jurisdiction. This statute deprives no one deprived of his liberty of an appeal to the courts, but it wisely regulates the hearing of these applications in the city of St. Louis so that those charged with grave offenses shall only be discharged or bailed by the courts, in the first instance, which have jurisdiction in felonies, and it is only when there are no such judges present in the city that applications may be made and heard before the inferior tribunals.

Prohibition is the proper remedy for such an usurpation of jurisdiction as is charged in the petition of the attorney general and admitted by the demurrer.

The demurrer is overruled and final judgment of prohibition awarded as prayed and for costs. BURGESS, J., concurs; SHERWOOD, J., being related to Judge Wear, declines to sit.