The State ex rel. Robert Kaiser, Chief of Detectives, v. Calvin N. Miller, Judge of St. Louis Court of Criminal Correction.

Division One, December 31, 1926.

1. **JURISDICTION: Fugitive from Justice: Held to Await Requisition.** A fugitive from justice in another state who has fled to this state may be arrested and detained upon proper evidence, to await a demand for his return by the executive of the state where the crime was committed. But in order to hold such fugitive to await the requisition of the executive of the other state, it must affirmatively appear from a complaint on file before the committing magistrate in this state that a crime has been committed in the other state, that he has been charged in that state with that crime, and that he has fled from justice and is in this state.

2. ————: ————: ————: **Absent from State: Relation.** The St. Louis Court of Criminal Correction, sitting as an examining magistrate, has no jurisdiction to entertain a complaint against a person accused of being a fugitive from justice for a crime committed in another state, who, after being arrested and giving bond, fled to another state before complaint was filed against him with such court. And the filing of the complaint, after the accused fugitive from the other state has left this state, does not relate back to the date of his arrest, but if he departs this state before the complaint is filed or the warrant is issued, the court loses all jurisdiction of the case. The jurisdiction of the magistrate, or of a court sitting as an examining magistrate, over a fugitive from justice in another state, arises upon the concurrence of (a) of a complaint, made as provided by law, and (b) the custody of the person complained against.

3. ————: ————: **Absent from State: Property Seized: Attached by Circuit Court.** The jurisdiction of a magistrate over money or property taken by the officer from the person arrested, and jurisdiction over such officer in respect thereto, arise upon the concurrent facts that a criminal cause has been instituted before the magistrate and that the party charged has been taken into custody; and without the presence of these concurring facts, the magistrate or such court has no jurisdiction. So that where an accused, arrested upon suspicion of being a fugitive from justice in another state, and after $15,293 was taken from him by the police officer, was taken before the judge of the St. Louis Court of Criminal Correction, sitting as an examining magistrate, and without any complaint being filed gave "a common-law bond" for $5,000 for his future appearance, and then fled the State, said court thereafter had no jurisdiction over the police officer, and no authority over the money taken by the officer or to make any order in reference thereto. Nor did a complaint filed after such suspected fugitive had left the state relate back to the day of his arrest, or give the court any jurisdiction over the money in the hands of the officer; and particularly was such court without jurisdiction over the money where, before an accusation was filed and a warrant was issued, writs of attachment issued out of the circuit court had been served whereby the money in the hands of the officer had been garnished, for thereby the subject-matter of the controversy had been acquired by the circuit court.

4. **PROHIBITION: Remedy by Appeal.** Notwithstanding relator has a remedy by appeal, if the facts upon which jurisdiction depends are not disputed, and jurisdiction of the circuit court has attached to relator and to the subject-matter of the controversy, the writ of prohibition directed

to the judge of an inferior court, assuming, without jurisdiction, to make and enforce orders pertaining to the subject-matter, will issue.

---

Corpus Juris-Cyc. References: **Arrest**, 5 C. J., Section 71, p. 431, n. 62 New; Section 75, p. 436, n. 7 New. **Bail**, 6 C. J., Section 353, p. 1066, n. 45. **Courts**, 15 C. J., Section 150, p. 833, n. 44; p. 834, n. 45; Section 169, p. 851, n. 67 New. **Criminal Law**, 16 C. J., Section 255, p. 183, n. 1; Section 495, p. 288, n. 1. **Extradition**, 25 C. J., Section 19, p. 260, n. 95, 4 New; p. 261, n. 8 New. **Prohibition**, 32 Cyc., p. 613, n. 99; p. 614, n. 2; p. 620, n. 35.

## Prohibition.

WRIT AWARDED.

*Julius T. Muench* and *Oliver Senti* for relator.

(1)  In order for a magistrate to acquire jurisdiction to issue a fugitive-from-justice warrant, under Sec. 3939, R. S. 1919, it is absolutely essential that the person against whom the warrant is issued is within this State. State v. Swope, 92 Mo. 399. (2) An order entered by a court against a person not a party to the proceeding and without process or notice, is a nullity. State ex rel. v. Riley, 276 S. W. 881. (3) Where the jurisdiction of a circuit court has attached to the subject-matter, the St. Louis Court of Criminal Correction is without authority to assume jurisdiction of the subject-matter. State ex rel. v. Williams, 221 Mo. 256; State ex rel. v. Board of Trustees, 268 Mo. 163. The St. Louis Court of Criminal Correction is a court of inferior jurisdiction. State ex rel. v. Murphy, 132 Mo. 382. (4) The jurisdiction of the Court of Criminal Correction, in relation to money or other property found on the persons of offenders and taken from them, is limited to supervision over all officers connected with the court. Sec. 13850, R. S. 1919. The Court of Criminal Correction is a court of statutory origin, and can exercise only those powers conferred upon it by statute. There are no intendments in favor of its jurisdiction, and no matters are to be held within such jurisdiction except they expressly appear to be so. State v. Anderson, 191 Mo. 134; State ex rel. v. Murphy, 132 Mo. 382; Ex parte O'Brien, 127 Mo. 487. (5) There is no statutory authority for the Court of Criminal Correction ordering a police officer to deposit with the sheriff money taken from the prisoner to be held in evidence in a case which must be tried in another State. The Court of Criminal Correction depends upon the statutes for its jurisdiction, and, unless conferred by the statute, the court is without jurisdiction. State v. Anderson, 191 Mo. 134. (6) The jurisdiction of respondent over Weidemeyer to take the recognizance and forfeit the same did not confer upon respondent jurisdiction to make the order of October 30, 1925. That order had no relation to the bond forfeiture, but was made in connection with a fugitive-from-justice warrant issued while Weidemeyer was out of the State and

never served upon him.   (7)   Because relator might have appealed, it does not follow that prohibition will not issue.   State ex rel. v. Denton, 128 Mo. App. 304; State ex rel. v. Cline, 85 Mo. App. 625; State ex rel. Mueller v. Wurdeman, 232 S. W. 1002.

*North T. Gentry,* Attorney-General, and *Howard Sidener,* Circuit Attorney of St. Louis, for respondent.

(1)   This court will take judicial notice of the fact that the St. Louis Court of Criminal Correction is a court of record of limited criminal jurisdiction, under the statutes, with power to conduct criminal examinations, and trials.   Weidemeyer, *alias* Brooks, was duly arrested as a fugitive from justice and brought, by officers under relator, before respondent, sitting as judge of the Court of Criminal Correction, charged with being a fugitive from justice, and pending further inquiry by the court, said Weidemeyer was released by respondent on a common-law bond to appear on a day certain, and, subsequent to the release of said Weidemeyer, a fugitive warrant was issued by respondent, charging said Weidemeyer with being a fugitive from justice.   Respondent contends that he is clothed with necessary jurisdiction and power under Sec. 3939, R. S. 1919.   (2)   Relator, in presenting the body of Weidemeyer before respondent for examination, failed to turn over the money and property taken from said Weidemeyer, to the court, and has ever since refused and denied the jurisdiction of respondent over the money and property of said Weidemeyer, and has thus obstructed, hindered and prevented respondent in the faithful performance of his sworn duty, as provided·under Section 13850.   (3)   Relator, without any color of right or title, took from the person of said Weidemeyer, the money and personal property, that should have been surrendered in court with the body of said Weidemeyer, and has since refused on order of respondent to turn same over to the sheriff.   It was the duty of relator to surrender the personal property, as well as the body of said Weidemeyer to the proper jurisdiction and control of the court, and his (relator's) failure and refusal to do so, nullifies the protective provisions of Section 13850.   (4)   Respondent respectfully suggests that if the conduct of relator herein is upheld, it is possible for offenders to escape justice by voluntarily turning evidence over to the arresting officers to be disposed of at their will and pleasure, with the result that the proper and impartial enforcement of the criminal law will become more and more difficult in this State.

LINDSAY, C.—This is an original proceeding by prohibition, brought by relator, as chief of detectives of the Metropolitan Police Department of the City of St. Louis, against respondent as judge of

the St. Louis Court of Criminal Correction. The gist of the complaint of relator is that the respondent as such judge was about to commit relator for contempt of court because of his failure and refusal to turn over to the Sheriff of the City of St. Louis, a certain sum of money in the hands of relator, in compliance with an order to that effect previously made by respondent; and, the contention is that respondent is without jurisdiction either of the person of the relator, or of the subject-matter, and that prior to the making of said order the relator and the money had been made subject to the jurisdiction of the circuit court.

The substance of what is stated in the application for the writ, is as follows: On October 13, 1925, one John V. Weidemeyer, *alias* Brooks, was arrested by the police of said city, "on suspicion of being a fugitive from justice." There was found upon his person the sum of $15,293, which was seized, and is in the possession of relator, as an officer of said police department. On the day of his arrest, Weidemeyer was released on a bond in the sum of $5,000, described as a "common-law bond, returnable in the St. Louis Court of Criminal Correction, to answer any charge that might be placed against him." He failed to appear upon the return day, which, by the statement for respondent in opposition to the grant of the preliminary rule herein, was October 14, 1925; and, the petition of relator alleges that "said bond was thereupon forfeited by an order duly made and entered of record by said St. Louis Court of Criminal Correction."

On October 19, 1925, relator was served by the sheriff with a writ of garnishment issued out of the Circuit Court of the City of St. Louis, in aid of attachment, attaching all moneys in relator's possession belonging to Weidemeyer, and summoning him to appear in the circuit court to answer interrogatories, in a civil suit instituted by one Hoffman against Weidemeyer.

On October 20, 1925, relator was again summoned as garnishee in another suit brought against Weidemeyer in the circuit court by one Fischer.

On October 23, 1925, a warrant was issued out of the Court of Criminal Correction, for the arrest of said Weidemeyer as a fugitive from justice. This warrant was never served upon Weidemeyer, and the allegation is that he had fled from the State of Missouri, and his whereabouts was unknown to the police department, the officials of the prosecuting attorney's office and of the Court of Criminal Correction, at the time said warrant was issued. It is alleged that said Weidemeyer was not charged with any offense against the laws of this State, or under any ordinance, or with any offense over which the Court of Criminal Correction had jurisdiction, or in the trial of which said money could be used as evidence.

On October 30, 1925, there was made and served upon relator an order of the St. Louis Court of Criminal Correction, which recited that such order was made upon information of the circuit attorney that there was in the possession of relator, in his official capacity, the sum of $15,293, the property of Weidemeyer, and that said money was necessary, relevant and competent evidence in the case of the State of Missouri v. Weidemeyer, a fugitive from justice. The order directed and required relator to deliver said money to the sheriff, as evidence in the cause aforesaid, and to be subject to the order of the Court of Criminal Correction, and the order required that the sheriff should hold said money as evidence until otherwise ordered by that court. It is alleged that this order was made without notice to the relator, and without jurisdiction by said court over relator or over the subject-matter.

On November 5, 1925, relator was summoned as garnishee in another attachment suit brought against Weidemeyer in the circuit court.

On November 10, 1925, relator, by counsel, entered his special appearance in the St. Louis Court of Criminal Correction, and sought by motion to have the above-mentioned order set aside. This motion was overruled. The relator alleges that prior to the making of the order just mentioned, jurisdiction of the circuit court had attached to the subject-matter of the order, and to the person of relator by reason of service upon him of the various writs of garnishment. The application further states that on January 9, 1926, relator was summoned as garnishee by the sheriff of the city of St. Louis to appear in the circuit court to answer interrogatories under a writ of *fieri facias* issued by the St. Louis Court of Criminal Correction upon the judgment in the sum for $5,000 and costs entered upon the bond, in favor of the State of Missouri and against said Weidemeyer and his surety, one John Kelly.

The relator asks that respondent be prohibited from proceeding further. It is alleged that unless he be so prohibited, respondent will undertake to commit relator for contempt of court, for failure and refusal to comply with the above-mentioned order of the St. Louis Court of Criminal Correction; that the money to be attached under the last-named writ is the same money referred to in the order of October 30, 1925, and if respondent be not so prohibited, relator will be subjected to the danger of being committed for contempt for non-compliance with said order, and if relator does comply with said order and surrender the money taken from said Weidemeyer at the time of his arrest, he will be unable to comply with any order which may hereafter be made by the circuit court, requiring him to pay said money into the circuit court on account of the writs of garnishment issued out of that court, and that relator will be subject to the con-

flicting orders of the circuit court and of the Court of Criminal Correction. The application further states that said Weidemeyer, by his attorneys, has made demand upon the officials of the police department for the return to him of the money, taken from his person at the time of his arrest. The prayer is that respondent be prohibited from exercising or attempting to exercise jurisdiction over the subject-matter of said order, or of the relator by requiring him to turn over to the sheriff money taken from the person of said Weidemeyer at the time of his arrest, or to make additional orders or take additional action in any matter pertaining to said money or affecting the relator in the premises.

No answer or return is made by respondent.

The St. Louis Court of Criminal Correction is a court of record, but is of statutory origin. The various provisions concerning its jurisdiction, powers and duties were enacted in 1869 (Laws 1869, p. 194) and are set forth in Sections 13818 to 13859 inclusive, Revised Statutes 1919. As a court of statutory origin and one not proceeding according to the course of common law, there are no intendments in favor of its jurisdiction, and no matters are to be held within its jurisdiction except those that expressly appear to be so. [State v. Anderson, 191 Mo. 134; State ex rel. v. Murphy, 132 Mo. 382; Ex parte O'Brien, 127 Mo. 487.]

By the statute (Sec. 13833, R. S. 1919) it has exclusive original jurisdiction over all misdemeanors under the laws of the State committed in St. Louis City; and the judge of said court (Sec. 13825), in cases of felony, has and may exercise all the powers of an examining magistrate. [State v. Hoeffner, 137 Mo. 612; State v. Wyatt, 223 S. W. 728.] The controversy here arises out of the exercise or attempt to exercise jurisdiction under the provisions of Section 13850 concerning the powers of said court, and also under or in view of the provisions of Section 3939, concerning extradition and arrest of fugitives from justice. Section 3939 is as follows: "Whenever any person within this State shall be charged, on the oath or affirmation of any credible witness, before any judge or justice of a court of record, or a justice of the peace, with the commission of any crime in any other state or territory of the United States, and that he fled from justice, it shall be lawful for the judge or justice to issue his warrant for the apprehension of the party charged." The respondent is a judge of a court of record, and as such is authorized to act in cases of the class defined in Section 3939. The sections immediately following thereafter provide for an examination by the judge, or other magistrate, of the matters charged, to determine if the person accused shall be held for extradition, and such examination is to be proceeded with "in the same manner as is required when a person is brought before such officer charged with an offense against

the laws of this State.'' Pending such examination and determination, such person may be required to enter into a recognizance if the offense charged be bailable, to appear to answer the charge under the circumstances and in the manner provided for preliminary examinations in cases of felony. [Secs. 3813, 3818, 3819, 3822, R. S. 1919.] The other section referred to is Section 13850, Revised Statutes 1919, as follows: ''The said court shall exercise a careful supervision over all officers connected therewith, in relation to money or other property found on the persons of offenders, and taken from them, and shall see that the same is properly preserved; that the rights of offenders or other parties in relation thereto are protected and enforced, and that all laws applicable to such cases are duly executed; and it shall have power to enforce all its orders in relation to such matters by attachment of the body.'' Said section has special application to the Court of Criminal Correction, appropriate to the general provisions of Sections 4119 and 4114, Revised Statutes 1919.

Counsel for respondent have stated what they regard to be the vital points at issue as follows: First, Did the judge of the St. Louis Court of Criminal Correction have jurisdiction of the person and property of John V. Weidemeyer, *alias* Brooks, on the 13th day of October, 1925? Second, Did such judge exceed that jurisdiction (if he had it) in the proceeding against Weidemeyer in the forfeiture of his bond, the judgment rendered thereon, and the order of execution directing the sheriff to seize so much of the money of said Weidemeyer in the hands of relator as would satisfy said judgment in favor of the State?

Counsel for relator urge that this is a misconception of the point at issue. They insist that the validity of the order of October 30th, made without notice to relator, and directing him to deliver the money to the sheriff to be used as evidence in the case of the State against Weidemeyer, fugitive from justice, is the subject of the essential issue; and, they say also that even if the Court of Criminal Correction could declare a forfeiture of the bond, and the money held by the relator could be reached by writ of garnishment issued out of the circuit court to satisfy the judgment of forfeiture, so much, if conceded, would not make lawful the order entered on October 30th.

Pursuing that line, they say that the two matters arose out of different proceedings; that the forfeiture of the bond grew out of Weidemeyer's failure to appear on its return date, and that the order of October 30th was not a direction to the relator to surrender the money to the sheriff to satisfy a judgment based on forfeiture of the bond, but was a requirement that the money be delivered, to be used as evidence, and that the cause, if any, in which it could be so used, would be one prosecuted in another state.

They further suggest that the fact that relator was served with the writ of garnishment in the proceeding to collect the judgment entered upon the bond, was only pleaded for the purpose of showing that the circuit court might require relator to pay the money to the sheriff under .its writ, which he could not do, if compelled to obey the order made on October 30th. Thus the relator appears to be in the situation of neither denying nor asserting that respondent had jurisdiction over Weidemeyer on October 13th, and is asserting that the validity of the order of October 30th does not depend upon the validity of the order forfeiting the bond. It is contended by counsel for relator that there is no statutory authority given the Court of Criminal Correction to order police officers to deposit with the sheriff, money, taken from a prisoner to be held as evidence in a case which must be tried in another state. It is urged that the police officer is not an officer "connected with" that court, within Section 13850.

We are of the opinon that under the facts in this case it is not necessary to go into those questions. It is not necessary to decide here what authority the Court of Criminal Correction might have to order money, taken by a police officer from one arrested as a fugitive from justice under a warrant, issued upon an accusation theretofore duly filed, because that is not this case. Reduced to more simple form, the contention of respondent appears to be that it is necessary for respondent to have, and that he did have jurisdiction, to take the bond, and declare its forfeiture, and that being so, there is no other question of excess of jurisdiction, while the position of relator is, that respondent on October 30th had no jurisdiction to make the order he did make, although he might have had jurisdiction over Weidemeyer on October 13th, for the purpose of taking bail, and afterward, and before October 30th, for declaring a forfeiture.

The preliminary rule issued herein ran against further cognizance of our action in the matter of the order made on the 30th day of October, 1925, requiring relator to turn over to the sheriff certain money taken from said Weidemeyer at the time of his arrest, the said money to be held as evidence subject to the order of said court.

The application for the writ herein is not as complete and explicit as could be desired. It sets forth the order made on October 30th, the notice delivered to relator by the sheriff under the execution issued against Weidemeyer and his surety, and also the summons delivered to relator as garnishee under said execution. ✦ Otherwise, it does not set forth, nor is it accompanied by copies of any of the files, or orders of record made in any of the proceedings to which reference is made. The question however, of jurisdiction of respondent as judge of said court, does not rest upon contested facts, and is one of law. [State ex rel. v. Falkenhainer, 274 S. W. 758; State ex rel. v. Homer, 249 Mo. 1. c. 65.]

It must be taken as true that Weidemeyer was arrested on October 13th, upon suspicion of being a fugitive from justice; that no warrant for his arrest had theretofore been issued, and no accusation theretofore or then was filed against him in the Court of Criminal Correction; and that the bond taken was taken under those circumstances, and was conditioned for his appearance to answer not to a formal charge of being a fugitive from justice, but any charge which might be placed against him; and he was released upon that condition. It is to be taken as true that before complaint was made and a warrant issued, as was done on October 23rd, Weidemeyer had fled from the State,. and his whereabouts was unknown to the officials. The question therefore seems to be one of the jurisdiction of respondent over Weidemeyer and the money found upon his person at the time of his arrest when no complaint stood against him, either as having committed an offense against the laws of this State, or against any ordinance of the city of St. Louis; with the further question, whether the subsequent filing of a complaint and the issuance of the warrant thereunder, on October 23d, when Weidemeyer was not in the State, could relate back to the time of the arrest, so that thereby, respondent thereafter, and on October 30th, had jurisdiction to make the order which was made on that day.

On October 13th, Weidemeyer was in the custody of a police officer, and presumably in person before the respondent, but with no complaint filed or pending against him in the Court of Criminal Correction. On October 30th a complaint had been filed and warrant had been issued, but under the circumstances herein to be taken as admitted, Weidemeyer was not in the State at the time he was charged with being a fugitive from justice under the provisions of Section 3939, Revised Statutes 1919, and was not again arrested.

The essentials of jurisdiction of an examining magistrate in cases of this character were considered in State v. Swope, 72 Mo. 399. That case was a proceeding in *scire facias* upon a recognizance taken by justice of the peace, upon postponement of an examination, under a complaint which attempted to charge the principal in the bond, one Lewis, with being a fugitive from justice from the State of Iowa; and the bond was given for his appearance to answer the complaint. After quoting the statute, now Section 3939, it was said, l. c. 402: "It will be readily seen that in order for the magistrate to acquire jurisdiction under the statute just quoted, three things are absolutely essential: 1st, That there is a person within this State; 2d, That a credible witness before such a magistrate, on oath or affirmation, charge such person with the commission of a crime in another State; and 3d, That such person fled from justice. It is only 'whenever' all these essentials concur, that 'it shall be lawful for the judge or justice to issue his warrant for the apprehension of the party charged.'" In

that case the complaint was held to be insufficient, since it was said to be obvious, it charged no crime known to the common law, and none against the State of Iowa of which the court could take judicial notice. Thereupon, it was said, l. c. 403: ''And it is equally obvious that as no crime was charged, the magistrate had no authority under the statute above quoted, and that is the only source of his authority, to issue his warrant for the arrest of Lewis, or to take any ulterior steps; in other words, the justice had no jurisdiction. It is a rule of universal acceptance that jurisdiction, when limited, must affirmatively appear. But when jurisdiction is special in its nature and origin; when it has no existence but for the occurrence of specific facts; when it is specially bestowed by some statutory regulation, then the facts necessary to confer the special and exceptional jurisdiction, must affirmatively appear, or else the acts of even courts of general jurisdiction cannot withstand collateral attack.'' The resultant holding was, that the justice had no jurisdiction to issue the warrant, nor to take the recognizance, and, that the giving of the recognizance could not be regarded as voluntary, nor as conferring a jurisdiction not previously possessed.

In State v. Randolph, 22 Mo. 474, the action was one upon a forfeited recognizance given in response to a formal charge made, and the special subject of inquiry in that case was whether the recognizance, upon its face, must show the particular facts by which the justice acquired jurisdiction. It was held not necessary that the recognizance on its face should show the particular facts giving jurisdiction, but, in respect of the question of the jurisdiction of the justice to take the recognizance, it was said: ''There must have been a case pending before him in order to give validity to the recognizance he took.'' And again, in the opinion, at page 481, we find the following: ''It is undoubtedly a well-settled and highly-important principle, that, before any one can be affected by the judgment or order of a court or officer, of special and limited jurisdiction, it must not only appear that the court or officer had authority to act in cases of that kind, but that jurisdiction had been acquired in the particular case.'' [See also 16 C. J. p. 287, sec. 495; p. 290, sec. 498; 6 C. J. p. 1066, sec. 353; McGuire v. State, 124 Ind. 536; State v. Goetz, 65 Kan. 125; Wilson v. State, 16 Tex. 246.]

Section 3939, and the sections related, are provisions which obtain in most of the states, and which provide that a fugitive from justice in one state who has fled from another state, may be arrested and detained upon proper evidence, awaiting a demand for his return by the executive of the state where the crime was committed.

The rule as to the construction to be given to statutes of this character is stated at page 417, of the note appended to the opinion in Simmons v. Van Dyke, 46 American State Report: ''These stat-

utes must be strictly complied with. Under them, in order to hold a fugitive from justice to await the requisition of the executive of another state, it must affirmatively appear from the complaint on file before the committing magistrate of the state to which such party has fled that a crime has been committed in such other state, that the accused has been charged in that state with that crime, and that he has fled from justice and is within the state where the arrest is made. These are essential jurisdictional facts and must appear to authorize the arrest and detention; they cannot be inferred: Matter of Heyward, 1 Sandf. 701; Ex parte Lorraine, 16 Nev. 63; Ex parte White, 49 Cal. 433; Ex parte Cubreth, 49 Cal. 435; State v. Swope, 72 Mo. 399; Tullis v. Fleming, 69 Ind. 15; Matter of Leland, 7 Abb. Pr. (N. S.) 64; Matter of Rutter, 7 Abb. Pr. (N. S.) 67.''

What is said here is not to be construed as meaning that in every case a warrant must be obtained before an arrest is made of one believed to be a fugitive from justice; but, in such cases, sanction for the detention of such person should be obtained from a magistrate of competent authority for the purpose, and that sanction must rest upon an accusation made against the person to be detained, according to the forms of the law. [Harris v. Louisville Railroad Co., 35 Fed. 116.]

Under the provisions of Section 3200, Revised Statutes 1919, the person arrested by a peace officer without warrant on suspicion of having committed a criminal offense, is required to be discharged from such custody within twenty hours, unless he shall be charged with a criminal offense by the oath of a credible person and be held by a warrant to answer for such offense. The jurisdiction of the magistrate over such person accrues by the concurrence of a complaint, made as provided by law, and the custody of the person complained against. The jurisdiction of the magistrate over money or property taken by the officer from the person arrested, and jurisdiction over such officer in respect thereto, arise upon the concurrent facts that a criminal cause has been instituted before the magistrate, and that the party charged has been taken into custody.

On October 13th Weidemeyer being in the custody of the officer was released, without there being made before respondent any accusation against him under the provisions of Section 3939, or other provisions of the law. Respondent did not then acquire jurisdiction over Weidemeyer and over the money taken from him, and over relator in respect to the money, because the complaint necessary to be made as the basis of respondent's jurisdiction over a cause and over the party, was not made. The complaint made and warrant issued on October 23d could not relate back so as to give jurisdiction on October 13th, for the reason, that when the complaint was made and warrant issued thereon, the party complained of was not within the State,

and was not apprehended under the warrant, either before or after October 30th, the date of the order here complained of. [Smith v. Clausmeier, 136 Ind. 105, 43 Am. St. Rep. 311; Johnson v. State, 49 S. W. 618.] The jurisdiction to be complete so as to preclude collateral attack, must exist both as to the subject-matter and the parties. "It is just as important that the commission of an offense be disclosed by statement reduced to writing, when the offender is in custody, as that a formal complaint states facts constituting an offense, when the offender is not in custody." [State ex rel. v. Bates, 104 N. W. 890-891, 96 Minn. 150.] "Judicial jurisdiction comes only from the law." [Bishop's New Criminal Procedure (2 Ed.) sec. 96.] Neither on October 13th, nor on October 23d, or thereafter, did there exist the concurrent conditions of a cause instituted before respondent, and jurisdiction of the party.

It is further to be observed that before the accusation was made and warrant issued, there had been service of writs of attachment in the suits filed in the circuit court, and thereby whatever jurisdiction could be acquired over the money, the subject-matter of the controversy here, and over relator in respect thereto, had been acquired by the circuit court.

Counsel for respondent urge that it was the duty of relator to surrender the personal property as well as the body of Weidemeyer, to the proper jurisdiction and control of the court, and that the refusal to do so nullified the protective provisions of Section 13850, above set out, and that if relator's conduct herein be upheld, it is possible for offenders to escape justice by voluntarily turning over evidence to the arresting officers to be disposed of at their will and pleasure.

Their contention assumes there was proper jurisdiction on the part of respondent, which we hold did not exist. In the case of an officer taking possession of the property found by him upon an arrested person, the responsibility of such officer must be determined by a court acquiring jurisdiction over him in respect to such matters or property, and over his acts done, in accordance with the circumstances to be found and determined by such court.

It is also suggested for respondent that relator has his remedy by appeal, and that the writ should not go for that reason. As has been already stated, the petition stands unchallenged by answer on the part of respondent. The order was made in a proceeding to which relator was not a party, and without notice to him, and the motion to set aside the order was denied.

The facts upon which jurisdiction depended are not in dispute, either as to the making of the order, or as to the grounds upon which respondent would act as for refusal to comply with the order. The jurisdiction of the circuit court attached to relator, and to the sub-

ject-matter before the order was made, before any accusation was filed against Weidemeyer, and before and without acquisition of jurisdiction by respondent.

Under the circumstances shown the remedy invoked is appropriate. It is a remedy which the court may decline to award where other modes of relief are equally prompt and effective, but whether they are so, is a question to be determined in each particular exigency, and under all facts in this case, we are of the opinion that the permanent writ should go as against enforcement or attempt to enforce the order in question. *Seddon, C.,* concurs.

PER CURIAM:—The foregoing opinion by LINDSAY, C., is adopted as the opinion of the court. All of the judges concur, except *Graves, J.,* absent.