State of Missouri, Respondent, v. Thomas E. Fleming, Jr., (Defendant) and Thomas E. Fleming, Sr., and Dora E. Fleming (Sureties), Appellants.—227 S. W. 2d 106.

Kansas City Court of Appeals.   Opinion delivered February 6, 1950.

*Sam S. Haley* and *Gregory C. Stockard* for appellants.

*James T. Riley* for respondent.

DEW, P. J.—This is a proceeding brought by the state for the forfeiture of a recognizance. After forfeiture in the magistrate's court the proceeding was certified to the Circuit Court of Cole County,

Missouri, wherein a scire facias was issued to the defendants to show cause why the judgment of forfeiture should not become absolute. The recognizance was signed by Thomas E. Fleming, Jr., as principal, under arrest as a fugitive from justice, and by Thomas E. Fleming and Dora E. Fleming, as sureties. Judgment in the sum of $2000 was rendered on the scire facias against all of the three defendants as signers of the recognizance, from which judgment the defendant sureties have appealed.

In substance the scire facias stated that a complaint in writing had been filed in the magistrate court of Cole County, Missouri, charging Thomas E. Fleming, Jr. with being a fugitive from justice; described the substance of the complaint; that the magistrate ordered Thomas E. Fleming, Jr., then in custody of the sheriff, to be held in bail in the sum of $2000; that a recognizance in that amount be required, which was thereafter entered into on March 19, 1947, by said accused and sureties, in Cole County, Missouri, conditioned upon the appearance by said Thomas E. Fleming, Jr. in said magistrate's court on March 29, 1947, or upon any date thereafter to which the cause may be continued, and thence not to depart without permission of the court; that said cause came on regularly for hearing before said magistrate on March 29, 1947; that defendant Thomas E. Fleming, Jr. made default; that the magistrate ordered judgment of forfeiture of said recognizance, and that the proceedings and record thereof were then certified to said circuit court. Summons was duly issued under the scire facias and served on all the defendants.

In their return and answer to the scire facias the appellants alleged (1) that the magistrate "issued" a warrant on the scire facias complaint; (2) that the complaint is void because the sheriff who made it was not a "competent witness" to make the charge, not having personal knowledge of its averments, but based the same on a warrant signed by the mayor of Star City, Arkansas; (3) that under the Arkansas statute no person can be punished for a felony except after indictment; (4) that under the Missouri statute (Sec. 3985, R. S. Mo., 1939, as amended) it was unlawful for the magistrate to issue a warrant except upon the affidavit of some credible witness; (5) that the subsequent warrant based upon such complaint is void and unauthorized; (6) that Thomas E. Fleming, Jr. was not in legal custody or legally charged with crime when the recognizance was executed, and said recognizance did not, therefore, conform to the law, and is void; (7) that said sureties could not produce Thomas E. Fleming, Jr., for the reason that since July 18, 1947, he has been confined in the Nebraska State Penitentiary; (8) that the Governor of Missouri had not recognized requisition from the Governor of Arkansas. The prayer was that the scire facias be quashed and the judgment of forfeiture be set aside.

Most of the facts are undisputed. On March 3, 1947, Thomas E. Fleming, Jr. was released from the Missouri State Penitentiary after a completed term. The sheriff of Cole County, Missouri, took immediate custody of him and lodged him in jail. The sheriff took this action without any process except a warrant of arrest addressed to certain officers in the state of Arkansas, which recited that said Fleming had committed the offense in Arkansas of escaping from the state penitentiary, and commanding his arrest. In its text that warrant purported to be issued by the mayor of Star City, Arkansas, but is signed "John H. Harry, J. P." On March 6, 1947, before the magistrate of Cole County, Missouri, the sheriff of that county swore to a complaint that "Thomas E. Fleming, Jr., on or about the 16th day of September, 1943, at the town of Varner, in the State of Arkansas, was lawfully confined in the Arkansas Penitentiary, and that the defendant did on said date and at said place escape from the Arkansas State Penitentiary," contrary to the law of said state and against the peace and dignity thereof; that said crime constitutes a felony in Arkansas; that the accused since fled from justice, is now a fugitive from Arkansas, and is now in the state of Missouri.

Thereupon a "Fugitive Warrant in Felony Case (Magistrate Court)" was prepared, addressed to the said sheriff, reciting the filing of the above complaint, the substance thereof, and stating that the complainant was a competent witness in said cause, and commanding the arrest of Thomas E. Fleming, Jr. to answer said complaint, for preliminary examination, and to be dealt with thereafter according to law. This warrant concluded as follows: "Witness the Honorable Foster S. Wheatly, judge of the said court at his office on this 6th day of March, 1947. Herbert E. Allen, Clerk of the Magistrate Court". It is admitted that the name and signature were those of the clerk. The return shows service of this warrant by the arrest of Thomas E. Fleming, Jr. on the same day, March 6, 1947.

On March 19, 1947, Thomas E. Fleming, Jr. was taken before the magistrate, was represented by counsel, joined with the appellants. in the recognizance described, and obtained a continuance of the cause until March 29, 1947. Thomas E. Fleming, Jr. did not appear on the latter date, nor since, but is confined in the Nebraska State Penitentiary. The magistrate, on March 29, 1947, entered an order of forfeiture of the recognizance, and later certified the same and record of the proceedings thereon to the circuit court. Thereafter the scire facias was issued, as stated, return and answer filed as described hereinbefore, a trial was had, defendants' motion for a directed verdict was overruled, and judgment was rendered from which this appeal was taken.

Appellants' first point is that their motion for verdict should have been sustained because the sheriff's complaint was void for the reason that he could not qualify as a "credible witness" as required

by Section 3985, R. S. Mo., 1939, as amended by Laws of Mo., 1945, p. 840. It is contended that if the complaint is void, the warrant thereupon issued is void, and all other proceedings, including the recognizance, are null and void for want of jurisdiction. Section 3985, as amended, reads:

"Whenever any person within this state shall be charged, on the oath or affirmation of any credible witness, before any judge or magistrate of a court of record, except judge of the probate court, with the commission of any crime in any other state or territory of the United States, and that he fled from justice, it shall be lawful for the judge or magistrate to issue his warrant for the apprehension of the party charged".

It is argued that the only knowledge the sheriff had of the statements in his complaint was the contents of the "warrant" of arrest issued in Arkansas, and that he was, therefore, not a "credible witness", as required by the statute. In this connection the sheriff testified that at the time he arrested Fleming upon his discharge from the Missouri penitentiary, and on the way to jail, Fleming told the sheriff that he had "walked away" from the Arkansas penitentiary and "would move heaven and earth to keep from going back". The sheriff was asked: "What did you base your statement in the complaint upon? The witness: I based the complaint in the magistrate court on the fact I had a warrant and the fact I had talked to the boy and found he wasn't over anxious to go back to Arkansas. Q. Did you rely on his admission he had escaped from the Arkansas State Penitentiary? A. And then his statement that he was going to move heaven and earth to keep from going back".

A "credible witness" is one who is competent and worthy of belief. Words and Phrases, Vol. 10, p. 344. The record discloses no factor or circumstance to disqualify the sheriff as a competent witness, such as in Ex parte Dickinson, 132 S. W. 2d 243, one of the cases cited by appellants, wherein a wife was held an incompetent witness to execute a criminal complaint against her husband. Nor was the sheriff unworthy of belief as to the facts in his complaint on the ground that he based the same solely upon the contents of the Arkansas warrant, since he testified that, before he filed the complaint, the accused had admitted to him that he had escaped from the Arkansas State Penitentiary. The sheriff testified that he had based the complaint partly on the Arkansas complaint and partly on the admission of the accused. The statute requires only the "charge" to be made under oath by a credible witness. The sheriff made oath that the statements were true to his best knowledge and belief. The admission to the affiant by the accused was proper information upon which the complaint was made, although the commission of the crime charged was not within the personal knowledge of the affiant. The complaint met the requirement of the statute.

The appellants next assert that the "Fugitive Warrant in Felony Case (Magistrate Court)" purporting by its text to have been issued by the magistrate after the sheriff's complaint was filed, and under which the accused was again arrested and detained, is void because it did not bear the signature of the magistrate, but only the signature of the clerk of the court, as such. As noted, the statute provides that when such "complaint has been filed, it shall be lawful for the judge or magistrate to issue his warrant for the apprehension of the party charged". No lawful custody could be retained under a warrant which omitted any constitutional or statutory requirements. Schwartz v. Dutro, 298 S. W. 769. A lawful signature to a warrant for arrest is essential to its "issuance". If it is not signed by one with authority to do so, the mere involuntary custody of one held under it will not waive the defect or confer jurisdiction where the warrant is necessary to confer jurisdiction. 22 C. J. S. p. 481, Sec. 327. Such vital omission is not a mere irregularity that may be waived, under some circumstances, by the conduct of one forcibly detained thereunder. Whatever may be a sufficient warrant under other criminal proceedings, or whatever may be sufficient for the issuance of other orders of a court of record, Section 3985, as amended, is a part of a special code of procedure applying to the arrest and detention of a fugitive from justice, and must prevail in such cases. We find no statute in effect at the time of the issuance of the purported warrant of the magistrate in this case, authorizing such a warrant to be signed in the name and by the signature of the clerk. On the contrary, Section 4179, R. S. Mo., 1939, provides:

"Warrants authorized by law to be issued in criminal cases may be under the hand of the magistrate issuing the same, and shall be as valid and effectual, in all respects, as if sealed".

Construing the words "to issue a warrant under his hand", in connection with the issuance of a warrant by a judge or justice, it was said in Salazar v. Taylor, 18 Colo. 538, 33 P. 369, 370: "The word 'hand', in legal parlance, is often used to denote handwriting or written signature, as 'witness my hand and seal', or 'witness my hand', if the instrument be not under seal. The word is thus used in our statutes. In certain cases a judge or justice of the peace is authorized to issue a warrant under his hand. This undoubtedly means a writ or process in writing signed by the judge or justice, and when thus issued it is declared to be valid, without any seal". Thus, considering our Sections 3985 and 4179 together, the conclusion is evident that the words "it shall be lawful for the * * * magistrate to issue his warrant * * *" mean that such warrant must "be under the hand of the magistrate issuing the same", that is, the signature thereto must be none other than that of the magistrate. Hence, the statutory warrant issued by the magistrate, based upon the complaint filed, was void, and the arrest and detention of Thomas

E. Fleming, Jr., thereunder conferred no jurisdiction over his person or custody.

However, the state contends that the accused was already in custody and in the presence of the court when the recognizance was filed; that he was represented by counsel and obtained a continuance of the cause. The inference is that under such conditions the vital defect of the warrant would be thus waived or that no warrant at all was necessary. It was said in State ex rel. Kaiser v. Miller, 316 Mo. 372, 382, (289 S. W. 898):

"What is said here is not to be construed as meaning that in every case a warrant must be obtained before an arrest is made of one believed to be a fugitive from justice; but, in such cases, sanction for the *detention* of such person should be obtained from a magistrate of competent authority for the purpose, and that sanction must rest upon an accusation made against the person to be detained, according to the forms of the law. (citation).

"Under the provisions of Section 3200, Revised Statutes 1919, the person arrested by a peace officer without warrant on suspicion of having committed a criminal offense, is required to be discharged from such custody within twenty hours, unless he shall be charged with a criminal offense by the oath of a credible person *and be held by a warrant* to answer for such offense. The jurisdiction of the magistrate over such person accrues by the concurrence of a complaint, made as provided by law, and the custody of the person complained against * * *". (Italics supplied).

In fact, Thomas E. Fleming, Jr. had been in custody three days after his arrest, awaiting the filing of a complaint and thereafter for fifteen days without any proper warrant based on the complaint filed. Throughout these periods his custody and detention had been involuntary. Thus on March 6, when the complaint was filed, and on March 19, when his bail was fixed and recognizance furnished, his continued custody, detention, appearance and presence in court had been procured by and through his original apprehension prior to the complaint. Such involuntary custody, detention and appearance could not work a waiver or obviate the statutory requirements of a proper warrant required by Section 3985, as amended, after the complaint was filed. To hold otherwise would be an attempt to modify the plain purpose and mandate of the statute. State ex rel. Kaiser v. Miller, supra; Harris v. Louisville R. R. Co., 35 Fed. 116.

Without lawful custody of the defendant Thomas E. Fleming, Jr., at the time the recognizance was executed, the magistrate was without authority or jurisdiction to require or to fix his bail or to receive the recognizance, which was, therefore, null and void. State v. Swope, 72 Mo. 399. The judgment is reversed. All concur.